## GIBBS *v.* PARSONS.

The affidavit upon a chattel mortgage may be sworn to before a justice of the peace in another state.

A mortgagee, in rendering an account of the amount due on his mortgage under the provisions of chapter 224, section 1, of the General Laws, is bound to use all reasonable efforts to make it just and correct; but having done so, an unintentional error, the result of accident or mistake without culpable negligence, will not effect a forfeiture of his security.

A mortgagee may agree with the mortgagor to expend labor upon the mortgaged goods, sell them, and hand over the proceeds to apply on the mortgage debt; and in such a case, there being no fraud, a wrongful appropriation of a portion of the money received from the sale by the mortgagor to his own use, without the knowledge or consent of the mortgagee, will not invalidate the mortgage.

TROVER, for a lot of machinery, boxes manufactured and in process of manufacture, stock for boxes, and lumber. The plaintiff claimed title by virtue of two mortgages executed to her by Severance & Co.,—one dated December 28, 1883, to secure a note for $1,815.57, subject to a prior mortgage to one Welch for $257.74; the other dated March 13, 1884, to secure a note for $500. Plea, the general issue, and a brief statement that the defendant, April 30, 1884, was a deputy sheriff, and as such deputy attached the property sued for on four writs against Severance & Co., and holds the property or its proceeds to apply in satisfaction of any judgments that may be recovered in said suits. Also, that Severance & Co., designing to cheat and defraud the plaintiff in said suits, made two false and fraudulent mortgages of said property to the plaintiff.

The jury found specially that the notes were valid debts against Severance & Co. The affidavits on both the mortgages were sworn to in Massachusetts before a justice of the peace there, and the defendant objected to their admission for that reason.

At the time the mortgages were made, Severance & Co. were engaged in the manufacture of boxes at Moultonville in this state, and after the execution of the mortgage of Dec. 28, 1883, by an agreement between them and the plaintiff, they acted as her agent in the manufacture and sale of boxes from the mortgaged property, the proceeds to be applied upon the mortgage notes. May 10, 1884, the plaintiff rendered to the defendant, upon his demand, an account of the amount due on her mortgages, in which she omitted to apply or mention a check for $238.52 payable to her order, which was received by Severance & Co. in payment for a lot of the mortgaged boxes. When this check was handed to the plain-

tiff at the solicitation of one of the members of the firm of Severance & Co., she consented that he might keep it and use it to pay off the prior mortgage to Welch, and thereupon indorsed it in blank and returned it to him to be used. But instead of using it for that purpose, without her knowledge or consent he appropriated it to his own use.

The following interrogatories and answers in the plaintiff's deposition, taken by the defendant, were excluded as immaterial, and the defendant excepted:

How long ago did Jonathan B. Severance build a barn on the adjoining lot? Ans. I decline to answer, for it has nothing to do with my case.

Was it as long ago as three years? Ans. I decline to answer, as it has nothing to do with my case.

Does he keep his horses and carriages in that barn? Ans. I decline to answer any question in regard to his business affairs. His business is not mine.

The court instructed the jury that if the plaintiff delivered the check to C. W. Severance in good faith to pay to Mrs. Welch in discharge of her prior mortgage debt, and Severance, without her knowledge or consent, appropriated the money to his own use, her mortgages were not thereby rendered fraudulent as to the other creditors. The Welch mortgage being a prior lien, the plaintiff might lawfully pay it out of the mortgaged property, and was legally bound to do so. To this instruction the defendant excepted.

With respect to the account rendered by the plaintiff of the amount due on her mortgages, the court instructed the jury that an account is not deemed false within the meaning of the statute because by an innocent mistake it exceeds the amount justly due.

The defendant requested the court to charge, that the receipt of the check and the indorsement of her name upon it by the plaintiff is conclusive against her; that she should have mentioned the check in rendering her account; and that she cannot be heard to say that she gave back the proceeds to Severance & Co. or to C. W. Severance. These instructions were denied, and the defendant excepted.

The jury having made certain special findings, the defendant moved,—

1. That a verdict be ordered for the defendant.

2. That judgment be ordered for the defendant notwithstanding the verdict.

3. That the verdict of the jury and its findings be set aside as against law and evidence; and that the questions submitted by the court to the jury are not sufficient, if answered in the affirmative, to warrant the finding of a verdict for the plaintiff. The motion was denied, and the defendant excepted.

The court ordered a general verdict for the plaintiff, and the defendant excepted.

The plaintiff's counsel, in his closing argument, in commenting upon the causes that led to the failure in business of Severance & Co., and in accounting for the dull market for fish-boxes in the season of 1883, said, "One hundred and sixty-five vessels were lost by storms, as you may have seen in the newspapers, and there was no demand for boxes." The defendant excepted to this remark, and the plaintiff's counsel immediately added, " I withdraw that remark, and you need not regard it;" and the jury were instructed to disregard it.

*S. D. Quarles* and *F. Weeks*, for the plaintiff.

*Worcester & Gafney*, for the defendant.

BINGHAM, J. Two of the plaintiff's mortgages were executed before a justice of the peace in Massachusetts, and the defendant objected because the oath was not administered by a justice in this state. The mortgagor and mortgagee must both make and subscribe the affidavit (G. L., *c*. 137, *s*. 6); but the statute does not in terms require the affidavit to be signed, or the oath administered, within the state. A deed of land in this state may be executed and acknowledged in another before a justice of that jurisdiction. The statutory affidavit in a personal property mortgage comes within the same rule if executed according to the provisions of our statute. *Southerin* v. *Mendum*, 5 N. H. 420, 428.

It is not apparent that the answers to interrogatories 279, 280, and 281 in the plaintiff's deposition were material. They neither admit or deny, nor tend to prove or disprove, anything material to the questions in issue, nor do they contradict the plaintiff, or show that in declining to answer she refused to do anything that the court would have required of her (*Carter* v. *Beals*, 44 N. H. 408, 412), but were offered rather as cross-examination to discredit the plaintiff. How far justice, depending upon the discovery of truth, requires that evidence of this character, not infringing upon a privilege, should be admitted, is a question of fact to be determined at the trial in view of all the circumstances of the case. *Gutterson* v. *Morse*, 58 N. H. 165, 166.

The exception to the charge, the motions that the court order a verdict for the defendant, as well before as after the special verdicts of the jury, raise two questions: First, was the property included in the plaintiff's mortgages discharged therefrom because the plaintiff rendered to the defendant, on his demand as an officer, a false account of the amount due on the debts secured by them? Section 18, *c*. 224, Gen. Laws, requires a mortgagee, on the demand of an attaching officer for an account on oath of the amount due on the debt secured by his mortgage, to render the same; and if a false account is rendered, the property is discharged. The defendant made such a demand. The plaintiff rendered her account in good faith, making all reasonable efforts on her part to

make it just and correct; but it appeared at the trial that the mortgagors, without the knowledge or consent of the plaintiff, and without her negligence in not knowing, appropriated to their use some money received for mortgaged property that should have been applied in reduction of her mortgage debts, or that of the prior Welch mortgage. Was this a false account within the meaning of the statute? In *Putnam* v. *Osgood,* 51 N. H. 192, 208, it was held that an attaching creditor is entitled to an account rendered by the mortgagee in good faith, and with all reasonable effort to make it just and correct; and if the account is rendered for more than is justly due, and the error is wilful, or caused by bad faith, or by culpable negligence or carelessness which would imply bad faith, then his lien would be discharged. On the contrary, if the error is unintentional, the result of pure accident or mistake, and without culpable negligence, the mortgage security is not lost. This is a practical and just construction of this highly penal statute, and the one that was given at the trial. *Putnam* v. *Osgood,* 52 N. H. 148.

Second. Were the plaintiff's mortgages void in law because the mortgagors appropriated a part of the avails of the mortgaged property to their use, without the knowledge, consent, or culpable neglect of the plaintiff? At the time the first mortgage was executed it was agreed that the mortgagors should finish the boxes in process of manufacture, and sell them with those then on hand, and with the avails pay the prior claim of Mrs. Welch and apply the balance on the plaintiff's mortgage note. This constituted the mortgagors the plaintiff's agents to sell the mortgage property for her, the avails to be applied on the mortgage debts, according to their priority, and being made in good faith was a valid agreement; but the plaintiff having made the mortgagors her agents, she is bound to account for the avails of the sales of the mortgaged property, whatever they may be, as against the defendant, according to the agreement, and they must be regarded as thus applied whether actually paid to the plaintiff or not. The transaction being an honest one, no secret trust existing or found by the jury, the plaintiff's mortgages were not void in law. *Wilson* v. *Sullivan,* 58 N. H. 260. The case at bar differs from *Putnam* v. *Osgood, supra,* in this, that the mortgagor was allowed to sell the mortgaged property in that case for his own benefit regardless of the legitimate objects of the mortgage, while in this the agreement bound the plaintiff to account for the entire avails of it on the mortgage debt in entire harmony with the legal purposes of a mortgage security.

No other question is mentioned in the defendant's brief.

*Judgment on the verdict.*

Smith, J., did not sit : the others concurred.