SPALDING *v.* MERRIMACK.

A witness for the plaintiff, in an action against a town for injuries caused by an alleged defect in a highway, having testified to seeing the defect and to going by another way on account of it, evidence in behalf of the defendants that a highway surveyor had told such witness to repair any defects he might see in the road, and that he should be paid therefor, is competent as bearing on the credibility of the witness.

How far the admission of evidence upon collateral issues should be carried for the purpose of disparaging the credibility of a witness is a question of fact, to be determined at the trial term.

CASE, against a town, for an injury resulting from an alleged defect in a highway. Verdict for the defendants. The plaintiff's evidence tended to show that water running down the road had worn through the ice and snow, forming a gully six or eight inches wide, eight or ten inches deep, and two or three rods long, and that his horse's foot was caught in the gully, thereby causing the injury complained of. The defendants denied the existence of the gully, and contended that if it existed it was so recent that they had and could have had no knowledge of its existence, or reasonable opportunity to repair it before the accident.

One Hill, called by the plaintiff, testified that the gully was of the character above stated; that he saw it two or three days before and two or three days after the accident, and that by reason of its existence he drew his firewood by another route.

The defendants called the highway surveyor of the district, who testified, subject to the plaintiff's exception, that before the accident, but whether so late as within one or two months before that time he could not say, he had told Hill to repair any defects he might see in the road, and that he should be paid therefor; that accordingly Hill had in some cases before the accident repaired the road, and had been paid for so doing. This evidence was offered and received as bearing upon the credibility of Hill.

*Henry B. Atherton,* for the plaintiff.

*George B. French,* for the defendants.

BLODGETT, J.   The obvious tendency of the testimony objected to was to discredit Hill, and as such no reason is perceived why it was not properly admitted.   But if it was improperly admitted, no ground for a new trial is presented.   The question how far the admission of evidence upon collateral issues should be carried for the purpose of disparaging a witness is one of fact, to be determined at the trial term, and is not subject to revision, whether the evidence is admitted or excluded.   *Perkins* v. *Towle*, 59 N. H. 583, 585, and cases cited; *Gibbs* v. *Parsons*, 64 N. H. 66, 68.

*Exceptions overruled.*

CARPENTER, J., did not sit: the others concurred.