Hillsborough, }
  Dec., 1898. }

### WILLARD v. SULLIVAN.

The extent to which a cross-examination upon collateral issues shall be permitted for the purpose of testing the memory of a witness is a question of fact for the trial term.

Testimony educed upon a cross-examination as to immaterial issues is not open to contradiction.

ASSUMPSIT, to recover upon a special promise by the owner to pay the past and future bills of a sub-contractor. Facts found by the court.

One Beaudry, the principal contractor, was asked what the final result of his contract with the owner was,— whether the house cost more or less than the contract price. The plaintiff objected on the ground that it was immaterial. The defendant's counsel asked the privilege of inquiring along that line for the purpose of testing the memory of the witness, and was permitted to do so to a considerable extent. The court then ruled that he had inquired sufficiently for this purpose, and the defendant excepted.

The defendant offered to show that he had paid Beaudry in full. The court ruled that the evidence was immaterial. The defendant then offered the evidence to contradict Beaudry's statements which had been received in evidence for the purpose of testing his credibility, as above stated. The evidence was excluded, and the defendant excepted.

*Wason & Jackson*, for the plaintiff.

*Bertis A. Pease* and *Henry B. Atherton*, for the defendant.

BLODGETT, C. J. How far justice required the inquiries to Beaudry, upon the immaterial point whether the house cost more

·or less than the contract price, should be allowed to go for the purpose of testing his memory, was a question of fact to be determined at the trial (*Spalding* v. *Merrimack,* 67 N. H. 382, 383; *Baldwin* v. *Wentworth,* 67 N. H. 408, 409); and his statements so made were not open to contradiction upon the other immaterial point as to whether he had been fully paid by the defendant for building the house. *Sumner* v. *Crawford,* 45 N. H. 416, 418; *Dewey* v. *Williams,* 43 N. H. 384, 386; *Hersom* v. *Henderson,* 23 N. H. 498, 506, 507.

*Exceptions overruled.*

PEASLEE, J., did not sit: the others concurred.