## COHEN v. UNITED STATES.
### No. 2625.

Circuit Court of Appeals, First Circuit.

Feb. 25, 1932.

Essex S. Abbott, of Boston, Mass. (Joseph V. Carroll, of Boston, Mass., on the brief), for appellant.

Elihu D. Stone, Asst. U. S. Atty., of Boston, Mass. (Frederick H. Tarr, U. S. Atty., of Boston, Mass., on the brief), for the United States.

Before BINGHAM and WILSON, Circuit Judges, and MORTON, District Judge.

BINGHAM, Circuit Judge.

Cohen, the appellant, was indicted in two counts. In the first count it was charged that on the 14th day of August, 1929, in Cambridge in said district, he unlawfully and knowingly transported intoxicating liquor in violation of the National Prohibition Act (27 USCA). In the second, that on the same day and at the same place he unlawfully had possession of liquor in violation of the National Prohibition Act. May 15, 1930, he was arraigned and pleaded not guilty; May 7, 1931, he was set to trial before a jury, was found guilty on both counts, and sentenced for a term of eighteen months in the house of correction at Worcester.

At the close of all the evidence, the defendant asked for a directed verdict.

De Angelo, the chief witness for the prosecution, testified that he was and had been for four and one-half years a prohibition agent; that he had known the defendant for about three years and for about a year and a half before August 14, 1929; "that, on that day, at about 6 A. M., he saw a Hudson Sedan, Registration No. 480,419, drive up and stop on McGee Street in Cambridge; that he drove up and stopped within fifteen feet of this automobile; that he (the witness) stooped down and asked him the way to Central Square and the defendant pointed in that direction; that he saw the defendant run; that he examined the car and found a five-gallon can in the car"; and, subject to exception, he testified that it was moonshine whisky and that he drank some of it; that he seized the car, registered in the name of Edward Frank, Malden, Mass.; that the next time he saw the defendant was in the United States commissioner's office probably six months afterwards; that he recognized the defendant; that the defendant said to him: "I hope you will forget the identity in the transportation case—that he would like to have him forget his identity." On cross-examination he testified that he swore out a complaint against Cohen October 3, 1929, and that the arrest was made on March 25, 1930.

One Smeaton, a prohibition agent, testified that on August 14, 1929, about 6 a. m. he was in the vicinity of McGee street and observed a car in that locality; that he saw Agent McClinchy chasing a man; that the agent fell down; that he only saw the man back to; and, subject to exception, testified that he looked about the same in the back view as the defendant; but, on being asked on cross-examination if he would identify the defendant as the man being chased, he answered, "No."

Marawski, a government chemist, testified that he examined a sample and made a report; that the sample was destroyed; that he made an analysis prior to the destruction of the sample. The admission of his report of the analysis, being objected to, was excluded. The government then rested.

The defendant, Cohen, in his own behalf, testified on direct examination that he was not in Cambridge August 14, 1929; that he did not own or possess the liquor seized;

that he did know a person named Frank, in whose name the car was said to have been registered; that he did not know De Angelo; that he did not know of any complaint against him until a warrant was served about six months after the complaint was made, when he was in the commissioner's office; that, at the time, he did not have any talk with De Angelo and did not say to him that he would like to have him forget his identity, or anything like it in any form of words. On cross-examination the government inquired of the defendant as to his occupation and, subject to objection and exception, he testified that he was a plumber; that the last day he worked as a plumber was the day before, fixing a sink, doing the work for one Weiner, a plumber, at his father's house on Cross street, Malden. At this point the trial was suspended so that the district attorney, the prohibition agents, etc., could 'go to the place where the work was said to have been done. On renewal of his cross-examination the defendant testified that he, his attorney, the district attorney, and Agents De Angelo and Whiting went to 586 Cross street, Malden; that after getting the wrong key they finally got the right one and went to the top floor of that building; that Agent Whiting examined the trap under the sink; that he had no license as a plumber; that he took an examination four years ago and failed. Being asked if in doing this work he was not violating the law, he answered, "I do not think so," whereupon the district attorney stated the court would take judicial notice of the law and that he would introduce evidence by a public official of the plumbing department at the state house. The defendant also testified, during his cross-examination, that he had an operator's card from the plumbers' local, giving him permission to work; that the job he did was on the top floor; that the trap was taken off and brought to court; that it was a whole new trap, clean and no dirt in it; that the materials were brought to the job by his boss; that, when the trap was taken off, there was no dirt in it, and that Agent Whiting said it could have been put on yesterday or two or three days ago; that the marks on it were of a Stillson wrench with which it was taken off to be brought to court.

In rebuttal, Prohibition Agent Whiting was allowed to testify that he went to Malden with the district attorney and Agent De Angelo, to the building where the work was done; that the witness examined the job; that he (the witness) had some knowledge of plumbing from having been a stationary fireman; that the trap was taken off; that his hands became dirty in the operation; and that, in his opinion, the job could not have been done yesterday.

De Angelo also testified in rebuttal that he went and saw the trap removed.

One Loan, called by the government in rebuttal, subject to exception, testified that he was an examiner or inspector of the board of examiners for the state of Massachusetts for plumbing and had been for two years and a half; that, at the request of the district attorney, he had looked through the records of the board of examiners of plumbing; and that the records indicated that Cohen did not have a license to do plumbing work. He was shown an application blank for a plumbing license and asked if it contained an extract of the law and he said that it did. Being asked if a master plumber could employ anybody who was not licensed to do any plumbing work under the laws of Massachusetts, he was permitted, subject to exception, to testify that a master plumber, under the laws of Massachusetts, was the only person who may employ anyone in the plumbing business and do plumbing; that Cohen was not registered and licensed as a journeyman; that there were journeyman plumbers without licenses in towns which had not accepted the state statute, General Laws c. 142, § 3. Being asked if Malden had accepted the state statute, he was permitted to testify, subject to exception, that Malden, Boston, Chelsea, and Somerville had; and, being asked if the records indicated that the defendant had ever applied for an examination as a plumber, answered that he had not looked that up.

In his assignments of error the appellant complains that the court erred in the admission of testimony; in denying his motion for a directed verdict; in refusing to give requested instructions; and in his charge to the jury.

The main question raised by the assignments of error is presented by the motion for a directed verdict and the requests for instructions, which relate to substantially the same matter, namely, whether there was any substantial evidence presented which would warrant the jury in finding the defendant guilty.

The counsel for the government seem to have wandered far afield in the trial of this case. The defendant was charged in the indictment with the unlawful transportation and the unlawful possession of intoxicating

liquor. An examination of the evidence would indicate that the trial was devoted largely to trying the question whether the defendant was a plumber, whether he did plumbing work the day before the trial, and whether under the laws of Massachusetts he had lawfully . engaged in the trade of a plumber. And, when the case was finally submitted to the jury, they were instructed: "Now this is a very simple question, and it is entirely a question of fact. It is entirely a question of whether this man Cohen was *the man who ran away from that automobile on the 14th of August, 1929.* It is entirely a question of fact. Do you believe him, gentlemen? I do not; but it is entirely for you to say. That is all I care to say, gentlemen." But the issue in the case was not whether Cohen was the man who ran away from the automobile on the 14th of August. It was whether on that date he unlawfully possessed and unlawfully transported intoxicating liquor.

On this question there is no substantial proof in the record before this court. It does not appear that any witness testified to seeing the defendant in the car or getting out of the car in which the liquor was found, or that the car was his. The only proof before this court with reference to what took place on the 14th of August is that the defendant was seen in the neighborhood of the car and, after being spoken to, ran away; and that some time later he asked the officer to forget his identity in the transportation case. But this evidence would not warrant a finding that he had been operating the car and possessed and transported the liquor in it, in the absence of proof that it was his car or that no one else was there who could have been driving the car; and in any event this issue was not submitted to the jury.

Then, again, the course pursued in the cross-examination of the defendant was wholly improper and prejudicial. The subject-matter then inquired into had not been alluded to in the direct examination. The inquiry related to an entirely immaterial matter arising two years or more after the occurrence of the crime charged, and had no possible relation to it. The government having, on cross-examination, elicited information as to the defendant's occupation and the work he had done the day before—immaterial matters—was bound by his answers. It could not then undertake to contradict him as to these matters, as was done, for the purpose of disparaging his credibility.

If testimony in relation to an immaterial matter is elicited upon cross-examination, it is not open to contradiction for the purpose of disparaging the credibility of the witness. Cooper v. Hopkins, 70 N. H. 271, 48 A. 100; Willard v. Sullivan, 69 N. H. 491, 45 A. 400; United States v. Sager (C. C. A.) 49 F.(2d) 725, 730.

The judgment of the District Court is vacated, the verdict is set aside, and the case is remanded to that court for a new trial.

MORTON, District Judge, concurs in the result.