## JOEL W. WARNER *vs.* RALPH G. MORRISON.

An action lies for contribution between sureties who signed a note at different times and without any agreement to become joint sureties.

It is no defence to an action for contribution between co-sureties that the plaintiff who paid the debt did not avail himself of the defence of usury, if he was ignorant of the fact of the usury.

CONTRACT for contribution of one half of the amount paid by the plaintiff to take up the following note : " For value received we jointly and severally promise to pay to Leonard Morse or

order the sum of two hundred and seventy two dollars, two years after date, without interest. Natick, July 17, 1854.

" Andrew J. Brown,

" Joseph A. Kemp,

" Joel W. Warner,

" Ralph G. Morrison."

At the trial in the superior court, the plaintiff testified that he signed the note as a surety, at the request of Brown; that the defendant was not present, and he never had any conversation with the defendant as to signing the note; that he did not know how much money Morse gave for the note, but he paid the balance due upon it, after deducting some indorsements, in April 1857. Morse, the payee, testified that he gave Brown and Kemp $200 for the note, $72 being included in the note for interest.

Upon this evidence, *Brigham*, J. instructed the jury to deduct $48, the amount of the usurious interest, and then, after applying the indorsements, to return a verdict for one half of the sum thus ascertained, with interest; which they did. Upon these facts, the case was reported by consent for the determination of this court.

*J. W. Bacon*, for the plaintiff.

*T. H. Sweetser & E. F. Dewing*, for the defendant.

BIGELOW, C. J. The plaintiff and defendant were co-sureties on the note. They were both bound by the same contract for the payment of the same debt. It is wholly immaterial that they signed at different times and without any agreement to become joint sureties. The right of contribution does not arise out of any contract or agreement between co-sureties to indemnify each other, but on the principle of equity, which courts of law will enforce, that where two persons are subject to a common burden, it shall be borne equally between them. In such cases the law raises an implied promise from the mutual relation of the parties. Hence it follows that it does not make any difference as to the right to claim contribution, that each of the sureties was ignorant that the other was bound with him for the payment of the same debt. The liability to contribute may

even exist, although the sureties are bound by distinct and separate instruments. It is sufficient that it appears that they were under obligation to pay the same debt as sureties for a third person. The evidence in this case shows that the debt was contracted by Brown and Kemp, who received the money lent on the note, and that Warner and Morrison were jointly bound to the payee as sureties for the loan. *M'Gee* v. *Prouty*, 9 Met. 547. *Deering* v. *Winchelsea*, 2 B. & P. 270, and 1 Cox, 318. Burge on Suretyship, 384.

As the plaintiff has paid the whole amount due on the note, the defendant is liable to contribute one moiety of that sum. It is no answer to this claim that there was a legal defence to the note. It does not appear that the plaintiff had knowledge that there was any usurious and corrupt agreement between the payee of the note and the principals. Without such knowledge, he could make no defence. If the holder of the note had sued him, he could not have successfully resisted his liability for the balance due upon it, unless he knew that a forfeiture of part of the debt had been incurred by usury. His voluntary payment of the note after its maturity was therefore in compliance with the terms of the contract into which he had entered, and creates a valid claim for contribution. A surety, having no defence, is bound to pay the debt. He is not obliged to incur the costs of defending an action. If he does, he cannot recover such costs of his co-surety, unless authorized by him to make a defence to the suit. *Gillett* v. *Rippon*, Mood. & Malk. 406. *Knight* v. *Hughes*, Ib. 247, and 3 C. & P. 467. *Bleaden* v. *Charles*, 7 Bing. 246. *A fortiori*, he has done nothing to forfeit his right to claim contribution, when he has paid a debt to which he knew of no defence. If the defendant was aware of the existence of any ground on which the payment of debt could be successfully resisted, he was bound to communicate it to the plaintiff, and give him notice to refuse to pay the note and to defend any action which might be brought to enforce it. Having omitted to do so, he cannot now set up the fact that a portion of the debt was forfeited under the statute against usury as a ground of defence against a claim for contribution.

*Judgment for the plaintiff.*