## WINGATE *v.* WILSON.

DEMURRER.—*Amendment.—Waiver.*—Error in sustaining a demurrer to a pleading is waived by subsequent amendment of the pleading.

PRINCIPAL AND SURETY.—*Extension of Time of Stay of Execution.—Appeal Bond.—Burden of Proof.*—Upon an appeal from a justice of the peace by the defendant, judgment was rendered against the defendant for a certain sum, being more than five dollars less than the amount of the judgment rendered against him by the justice, and, including costs, which were adjudged against the defendant, less than one hundred dollars, it being further adjudged that execution should not issue until the expiration of six months, said judgment being rendered by agreement of parties, without the knowledge or consent of the surety on the appeal bond.

*Held*, that such extension of the time of stay of execution discharged said surety.

*Held*, also, in an action on said appeal bond, the surety relying on such defence, that the burden of proving that he had notice of said extension and consented thereto was upon the plaintiff.

From the Jay Circuit Court.

*J. W. Headington*, for appellant.

*J. Bishop* and *J. J. M. LaFollette*, for appellee.

WORDEN, J.—Wilson, the appellee, recovered a judgment, before a justice of the peace, against James C. Williamson and Aaron Shaw, for a little over ninety-seven dollars, and the defendants therein appealed the cause to the. court of common pleas of Jay county, the appellant, Wingate, being surety on the appeal bond.

This action was upon the bond. Such proceedings were had, as that final judgment was rendered against Shaw and Wingate, the latter of whom appeals.

The appellant has assigned for error, amongst other things, the sustaining of a demurrer to the second paragraph of his answer.

After the demurrer was sustained, the defendant amended and refiled the paragraph, and a demurrer was overruled to the paragraph as amended. If any error was committed in sustaining the demurrer to the original paragraph, it was waived by the amendment. The appellant should have stood upon the original pleading, in order to avail himself of any error in the ruling on the demurrer. Busk. Prac. 286, and authorities there collected.

There is no other question in the case, except that arising upon the motion for a new trial.

The cause appealed to the court of common pleas was disposed of as shown by the following entry of judgment therein, viz. :

" By agreement of parties, judgment is rendered against the defendants for the sum of eighty dollars and costs ; and no execution to issue until the expiration of six months. It is therefore considered and adjudged by the court, that the plaintiff recover of and from the defendants the sum of eighty dollars damages, waiving valuation and appraisement laws, and likewise his costs in this cause paid, laid out and expended, taxed at —— dollars. And it is further ordered and adjudged by the court that the defendants have six months' time on the above judgment, before execution issue."

It appears, by an execution issued upon the judgment, that the whole costs in the cause, up to the time of the issuing of the execution, was only ten dollars and forty-five cents ; so that the original judgment must have been for less than one hundred dollars, including costs. On a judgment not exceeding one hundred dollars, including costs, there can be a stay of execution for only one hundred and fifty days, by putting in bail for the stay of execution. 2 G. & H. 233, sec. 420.

The appellee, by the agreement embodied in the judg-

ment, tied up his hands and deprived himself of the right to issue execution for a month longer than it could have been stayed by replevin bail.

We are not, therefore, called upon to determine what would have been the effect of the agreement, had it only stayed execution for the same or a shorter time than is allowed by law for a stay, upon bail being put in.

It is established by numerous cases in this court and elsewhere, that, if the creditor and the principal make a new contract, based upon a sufficient consideration, for an extension of time for payment, for a definite period beyond that contemplated by the original contract, without the knowledge and consent of the surety, the latter is thereby discharged. The principle, it seems to us, is entirely applicable to this case.

If the appellee had not, by the agreement, disabled himself to issue execution for the six months, he might, perhaps, within that time have realized his money, either by a voluntary or coerced payment, and thereby relieved the surety upon the appeal bond from obligation. The agreement for time, it sufficiently appears, was based upon a valid consideration. It was a part of the agreement by which judgment was to be entered for the appellee. Moreover, the judgment before the justice was reduced more than five dollars. This, without the agreement, would have entitled the defendants in that action to a judgment for costs against the plaintiff therein, the appellee here. Nevertheless, under the agreement, judgment was rendered for the plaintiff against the defendants in that action for the eighty dollars and costs. This, of itself, would be a sufficient consideration for the agreement as to extension of time. It does not appear that the appellant had any knowledge of, or consented to, the agreement. The burden of proof, as we think, was upon the appellee, to show that the appellant had notice of the agreement and consented thereto.

It may be observed that the appellant pleaded the sub-

stance of the foregoing facts, in the amended second paragraph of his answer.

We may further remark that we have no brief for the appellee, and are not advised upon what ground the appellant was supposed to remain liable.

In our opinion, the motion of the appellant for a new trial should have been granted.

The judgment below is reversed, with costs, and the cause remanded for a new trial.