------

ROBERT HICHBORN *vs.* CRAWFORD S. FLETCHER.

Waldo, 1876.—April 3, 1877.

*Promissory notes.*

It is the duty of the sureties on a note upon non-payment by the principal and notice thereof, at once, to pay the same.

When the sureties on a note, to which there may be an existing defense unknown to them, are sued; and one of them, in good faith and without negligence, pays the same after suit and before judgment, he can recover of his co-sureties their contributory share.

ON REPORT.

ASSUMPSIT.

*J. Williamson*, for the plaintiff.

*W. H. McLellan*, for the defendant.

APPLETON, C. J. The parties to this suit signed as sureties for Wilson Randall a note of which the following is a copy:

"$530. Searsport, Aug. 19, 1868.

One year from date for value received we promise to pay P. Simonton or order five hundred and thirty dollars with interest.

Wilson Randall,
Robert Hichborn,
C. S. Fletcher, security."

If the defendant, having signed as surety, were *prima facie* to be regarded as surety for those whose signatures precede his own, still parol evidence is undoubtedly admissible to show his true relation to the note. In the present case it satisfactorily appears that both plaintiff and defendant were sureties for Wilson Randall.

The note having been sued and the plaintiff having paid the same before judgment, he now claims contribution of the defendant.

It is in proof that the payee of the note for a valuable consideration had given time to the principal. The plaintiff was a witness and testifies that when he paid the note he was ignorant of any such agreement, that the defendant had never informed him of its existence, and that he settled the suit in good faith, believing he was legally liable. The defendant was not a witness.

The question presented is whether upon these facts he can recover his contributory share, of the defendant.

By becoming sureties, each impliedly promised the other that he would faithfully perform his part of the contract and pay his proportion of loss in case of the insolvency of the principal. *Crosby* v. *Wyatt*, 23 Maine, 156. *Dole* v. *Warren*, 32 Maine, 94. The surety is not obliged to delay payment until suit is brought. His liability accrues upon the maturity and non-payment of the contract for which he is a surety. When one of two persons, who, as surety for a third, signed together with the principal a joint and several promissory note, which he paid on its becoming due, though no demand had been made on him; upon an action brought against the maker, it was held that such payment could not be considered as voluntarily made, and that he might sue his co-surety for contribution. *Pitt* v. *Purssord*, 8 M. & W. 538. Much more, then, is not a payment voluntary, when the surety pays upon suit, and to avoid further costs; for the general rule is that a surety, who defends an action brought for money deficient, cannot claim contribution of his co-sureties for costs, unless he was authorized by them to defend. DeColyar on Guaranty, 348. Here, there was no authorization nor direction to defend; and, so far as the plaintiff and defendant knew, there was no existing defense which could be made. One surety may be discharged from his principal obligation, without discharging his co-sureties. In such case he will not be reliev-

ed from his liability to them for contribution. *Clapp* v. *Rice*, 15 Gray, 557. *Boardman* v. *Paige*, 11 N. H. 431. If a surety, with a full knowledge of the facts under a mistaken belief of liability, makes a payment when he is under no legal obligation, it is to be regarded as a voluntary payment for which he cannot claim contribution. *Bancroft* v. *Abbott*, 3 Allen, 524. But if in ignorance of the facts and in good faith he makes payment, when if all the facts were known he would not be liable ; he can compel contribution, if he is guilty of no neglect in such want of knowledge. Without knowledge of the facts constituting a defense he could not defend. The defendant, though sued, gave no notice of any existing defense nor did he know of any. Both plaintiff and defendant, so far as they know, when sued were liable upon the note. They were not required to wait for a judgment or the issuing of an execution. Either might make the payment and stop any additional expense. In *Warner* v. *Morrison*, 3 Allen, 566, it was held to be no defense to an action for contribution among co-sureties that the plaintiff, who paid the debt, did not avail himself of the defense of usury, if he was ignorant of the fact of such usury. It can, assuredly, make no difference in the legal rights of parties whether the defense is usury or delay given to the principal, if the surety is alike ignorant in either case of any existing defense, and without fault for such ignorance when the payment is made.

It is written of old, "be not surety above thy power ; for if thou be surety, take care to pay it." The plaintiff testified that the defendant said "he wanted what was right in the premises." This is not contradicted. What is right is that the defendant should bear with the plaintiff his share of the burden they both assumed, and not that the plaintiff without fault should bear the whole.

*Defendant defaulted.*

DICKERSON, BARROWS, DANFORTH, VIRGIN and LIBBEY, JJ., concurred.