JOSEPH E. FALES *vs.* JOHN F. McDONALD.

MAY 31, 1911.

PRESENT: Dubois, C. J., Johnson, Parkhurst, and Sweetland, JJ.

(1) *Sureties. Contribution. Giving Time to Principal. Agreements. Entry. Record. Judgments.*

Plaintiff and defendant were co-sureties on a bond given to release an attachment conditioned as follows:—"If the final judgment shall be forthwith paid and satisfied after the rendition thereof (in case said judgment shall be rendered against the said defendant) then this obligation shall be null and void; otherwise, shall be and remain in full force and effect." After verdict against the principal for $6,323.85, the case being in the Supreme Court on exceptions the following agreement signed by counsel, was filed May 26, 1909. "Bill of exceptions withdrawn and case remitted to the Superior Court for further proceedings," and the same day the following agreement was filed in the Superior Court. "In the above entitled cause it is agreed that the following entry be made. Judgment and execution stayed until June 26, 1909. Upon payment of $5,625.00 on or before June 25, 1909, case to be entered settled, otherwise execution to be issued on June 26, 1909, for full amount of judgment, interest and costs." This agreement was signed by the parties and by the court. July 1, 1909, an agreement of settlement was entered, and the same day plaintiff paid to the plaintiff in the original action the sum of $5,625.00.

Plaintiff brings assumpsit against defendant his co-surety for contribution to the extent of one half of the amount paid.

*Held,* that the agreement filed in the Superior Court was the joint petition of both parties that a certain record be made, and being signed by the justice, the petition was granted and the clerk empowered to make such record, and the paper being filed by the clerk it was made a part of the record of the case, whether formally extended at that time upon the record books or not.

*Held,* further that the meaning of the entry was that judgment was entered for the plaintiff on the verdict on May 26, and execution stayed until June 26. Therefore final judgment was rendered and entered and the sureties became liable on the bond unless the stay operated to discharge them.

*Held,* further that the burden of proof to show that the whole transaction extended the time by which in the ordinary course of litigation the judgment creditor could have obtained execution against his judgment debtor, was upon the surety and defendant had failed to sustain such burden.

*Held,* further that while a surety who voluntarily pays a debt before he is under legal liability so to do, cannot enforce contribution against his co-surety, yet in this case, as plaintiff did not pay the money until July 1, he did not pay the debt before he was under a legal obligation to do so.

ASSUMPSIT. Heard on exceptions of plaintiff and sustained.

DUBOIS, C. J. This is an action of assumpsit brought by one surety upon a bond, given to release personal property from attachment against his co-surety for contribution to the extent of one-half of the sum of $5,625.00, which the plaintiff alleges that he has been obliged to pay to satisfy a verdict which had been found against one John M. Peck, the principal in said bond.

It appears that on the 6th day of February, 1907, Arthur P. Johnson, trustee in bankruptcy of Benjamin W. Comstock, commenced suit against John M. Peck, doing business as the Eastern Dry Goods Company, by issuing a writ of attachment, returnable to the said Superior Court of said county of Providence, on the 23rd day of February, A. D. 1907, and is numbered Law. No. 22645, on the files of the said Superior Court. That certain personal property of the said John M. Peck was attached by Andrew McKenzie, deputy sheriff of said county of Providence, by virtue of said writ of attachment. That on the 8th day of February, 1907, said John M. Peck, as principal; the plaintiff, Joseph E. Fales, and the defendant, John F. McDonald, as sureties, gave bond in the sum of ten thousand dollars to Hunter C. White, sheriff of the said county of Providence, and said Andrew McKenzie, deputy sheriff of the said county of Providence, for the release of said personal property from said writ of attachment. That said case of *Arthur P. Johnson, Trustee* v. *Eastern Dry Goods Company* was tried in the Superior Court of said county of Providence before Mr. Justice Charles F. Stearns, and a jury on the 2nd, 3rd, 4th, 5th and 6th days of November, 1908, and a verdict was rendered by the jury in favor of said Arthur P. Johnson, Trustee, for the sum of $6,323.85. That a motion for a new trial was duly filed in the case of *Arthur P. Johnson, Trustee,* v. *Eastern Dry Goods Company* by said Eastern Dry Goods Company, and was heard and denied by Mr. Justice Charles F. Stearns. That said Eastern Dry Goods Company filed a bill of exceptions to the denial of said action for a new trial, within the time required by law. That said bill of exceptions was assigned for hearing in the Supreme Court May 28th, 1909 by the following agreement:

"In the above entitled cause it is agreed that the following entry be made:—

Assigned for hearing May 28, 1909.

(Signed)          ALFRED S. JOHNSON & DEXTER B. POTTER,
*Plff's Attorneys.*

(Signed)          BASSETT & RAYMOND,
*Deft's Attys."*

That on the 26th day of May, 1909, the following agreement was filed in the Supreme Court in the case of *Arthur P. Johnson, Trustee* v. *Eastern Dry Goods Company:—*

"Supreme Court, May 26, A. D. 1909.

ARTHUR P. JOHNSON, Trustee
          *vs.*          } No. Ex. 4173.
EASTERN DRY GOODS COMPANY

In the above entitled cause it is agreed that the following entry be made:—

Bill of exceptions withdrawn and case remitted to the Superior Court for further proceedings.

(Signed)          ALFRED S. JOHNSON & DEXTER B. POTTER
*Plff's Attys.*

(Signed)          BASSETT & RAYMOND, *Deft's Attys."*

That on the 26th day of May, 1909, the following agreement, after said case was remitted to the Superior Court, was filed in the Superior Court in the said case:

"PROVIDENCE, Sc.   Superior Court, May 26, A. D. 1909.

ARTHUR P. JOHNSON, Trustee
          *vs.*          } No. 22645.
EASTERN DRY GOODS COMPANY

In the above entitled cause it is agreed that the following entry be made:—

Judgment and execution stayed until June 26, 1909.   Upon payment of $5,625.00 on or before June 25, 1909, case to be entered settled; otherwise, execution to be issued on June 26, 1909, for full amount of judgment, interest and costs.

(Signed)          ALFRED S. JOHNSON & DEXTER B. POTTER,
*Plff's Attys.*

(Signed)          BASSETT & RAYMOND, *Deft's Attys.*

(Signed)          CHARLES F. STEARNS, J."

That on the first day of July, 1909, the following agreement was filed in the Superior Court in said case:—

"PROVIDENCE, SC.   Superior Court, July 1, A. D. 1909.

ARTHUR P. JOHNSON, TRUSTEE
        *vs.*  }   No. 22645.
EASTERN DRY GOODS COMPANY

In the above entitled cause it is agreed that the following entry be made:—

"Settled, no costs."

(Signed)        ALFRED S. JOHNSON & DEXTER B. POTTER,
        *Plff's Attys.*

(Signed)        BASSETT & RAYMOND, *Deft's Attys.*"

And that said Joseph E. Fales paid to Arthur P. Johnson, Trustee, the sum of $5,625 on the 1st day of July, 1909.

The condition of the bond above referred to is as follows: "Now, therefore, if the final judgment in the action commenced by said writ shall be forthwith paid and satisfied *after the rendition thereof* (in case *said judgment* shall be rendered against the said defendant), then this obligation shall be null and void; otherwise, shall be and remain in full force and effect."

Upon jury trial in the Superior Court, at the conclusion of testimony upon motion of the defendant, the court directed the jury to return a verdict for the defendant. The plaintiff excepted to this ruling and filed his bill of exceptions which was duly allowed and the case is now before this court for the consideration thereof.

The plaintiff's exceptions are as follows:

"1.   The ruling of the court in refusing to direct a verdict for the plaintiff, which said exception appears on page twenty-six of the transcript of testimony.

"2.   The ruling of the court in directing a verdict for the defendant, as appears by the exception taken to said ruling on page twenty-six of the transcript of testimony."

The defendant urges the following considerations in support of the ruling of the court:

"1.   That a surety who voluntarily pays the debt before

he is under legal liability, so to do, cannot enforce contribution against his co-surety.

"2.   That final judgment in the attachment suit was neither rendered nor entered, and that final judgment in the attachment suit must be rendered by the court and entered by the clerk of the court before sureties are liable under the bond, under an agreement, as follows:—

"'Judgment and execution stayed until June 26, 1909. Upon payment of $5,625.00 on or before June 25, 1909, case to be entered settled; otherwise, execution to be issued on June 26, 1909, for full amount of judgment, interest and costs.'

"3.   That the stay of judgment and execution, for one month, by the creditor and principal debtor, without the knowledge or consent of the surety, after trial of the case and after the bill of exceptions is withdrawn from the Supreme Court and the case is remitted to the Superior Court for further proceedings is an extension of time to the principal debtor and therefore discharges the surety from all liability on an attachment bond."

The correctness of the first proposition may be at once conceded and if it is found to be applicable in the case at bar the plaintiff will have no cause to complain of the ruling of the Superior Court.

(1)      The second proposition cannot be disposed of so readily. It involves a consideration of the paper filed in the Superior Court May 26, 1909, in the case of *Arthur P. Johnson, Trustee* v. *Eastern Dry Goods Co.* No. 22645.   It is an agreement "that the following *entry* be made."   The definition of the word "entry" according to Bouvier Law Dict. is as follows—"In Practice.   The placing on record the various proceedings in an action, in technical language and order.   The extreme strictness of the old practice is somewhat relaxed, but the term entry is still used in this connection.   In the law books the words *entry* and *entered* are frequently used as synonymous with recorded; 130 N. Y. 504.   See 100 Ill. 484; 54 Cal. 519; 74 Ind. 59."   It is therefore equivalent to an agreement that a certain docket entry or record be made.   But the docket entries are

made and the court records are kept by the clerk under the direction of the court, and no clerk would make such a record without an order of the court; so that the agreement in reality is the joint petition of both parties for the court to cause a certain docket entry or record to be made. As this paper was signed by the justice who presided at the trial of the case in the Superior Court the petition was granted and the clerk was empowered to make the necessary record. In these circumstances the filing of the paper by the clerk made it a part of the court record of the case whether he then formally extended it upon the record books or not. What is the entry so made: " Judgment and Execution stayed until June 26, 1909." Does it mean judgment entered and execution stayed until the date specified; or does it mean that both are to be stayed? Let us examine the remainder of the entry: "Upon payment of $5,625.00 on or before June 25th, 1909, case to be entered settled; otherwise execution to issue on June 26, 1909 for full amount of judgment interest and costs." For full amount of what judgment? A judgment entered May 26, or a judgment to be entered June 26? We are of the opinion that the intention and meaning to be gathered from the entry is that judgment was entered for the plaintiff on the verdict on May 26th, 1909, and that execution was stayed until June 26, 1909. Therefore final judgment was rendered and entered and the sureties thereupon became liable on the bond unless the stay of execution operated to discharge the sureties. Even if judgment was stayed until June 26, 1909, under the entry there would be no necessity for another rendition thereof by the court and the same would be final as of that date and the sureties would be liable on the bond unless discharged by the stay aforesaid. As the plaintiff did not pay the sum of $5,625 to Arthur P. Johnson, Trustee, until the first day of July, 1909, he did not pay the debt before he was under a legal obligation to do so. Under the docket entry execution could have been issued June 26, 1909, and the liability of the sureties to pay the judgment was already fixed before the time of said payment unless the stay of judgment and execution exonerated them. It is well

settled that if a creditor or obligee by a valid and binding agreement, without the assent of the surety, gives further time for payment or performance to the principal debtor, the surety will be discharged. 32 Cyc. 191 and cases cited; 27 Am. & Eng. Ency. Law, 499 and cases cited. The burden of proof to show an extension of time is on the surety. Any evidence, otherwise competent, tending to show the contract is admissible, but a writing which apparently amounts to an extension may be explained. 32 Cyc. pp. 213 and 214, and cases cited. In the case at bar all the facts and circumstances leading up to and surrounding the agreement, which it is claimed was an extension of time to the principal debtor and thereby operated to extinguish the liability of his sureties, must be taken into consideration. It already appears that on the sixth day of November, 1908, Arthur P. Johnson, Trustee, recovered a verdict against the Eastern Dry Goods Company in the suit in which the goods of John M. Peck had been attached and released from said attachment by the bond in which said Peck is principal and the plaintiff and defendant in the present suit are sureties. That the Eastern Dry Goods Company made a motion for a new trial, which was heard and denied, and that thereupon said Eastern Dry Goods Company took exception to said refusal and duly filed its bill of exceptions which ultimately reached this court and was assigned for hearing herein May 28, 1909; that on the twenty-sixth day of said May the parties to the original suit entered into two agreements, by the first of which the bill of exceptions was withdrawn from this court and the case was remitted to the Superior Court for further proceedings; and by the second thereof, June 26, 1909, was fixed as the time when execution should issue for the full amount of judgment, interest and costs unless the sum of $5,625 should be paid on or before June 25, 1909. Whether the whole transaction, for it appears as one, by which the case was taken out of this court and the time for execution to issue, fixed at one month from that date, extended the time by which in the ordinary course of litigation the judgment creditor could have obtained execution against his judgment debtor is the problem thus offered for solution.

Taking into consideration the fact that the parties were ready
to pay and receive respectively a sum approximately a thousand
dollars less than the amount of the verdict, with interest and
costs, it does not seem unlikely that they regarded the trans-
action as one in which payment was to be accelerated rather
than delayed. Of course it was impossible to predict within
what time cases to be heard May 28, 1909, would be decided,
but we are now able to state from an examination of the calen-
dar of that day at what time the cases that were then heard
were decided. Two cases were argued upon that day; the first
was decided and a rescript containing the decision was filed
July 7, 1909. In the other case an opinion was handed down
July 6, 1909. There is nothing to indicate that if the case under
consideration had been reached and argued before the adjourn-
ment of court, upon that day, that it could have been decided in
advance of the other cases upon the calendar. As we have
already seen the burden of proof to show that time was actually
extended is upon the defendant and he has utterly failed to
sustain that burden. Instead of being injured by the arrange-
ment that was made, he is actually benefited to the amount of
about five hundred dollars and has no cause for complaint. In
some of its features the case of *Bothfield* v. *Gordon*, 190 Mass.
567, 571, resembles the present one under consideration. In
the course of his opinion, Hammond, J., makes the following
pertinent remarks: "The first ground of the defence is that by
the agreements for judgment and stay of execution in the
actions against the principal debtor time was given to him with-
out the consent of this defendant. The actions were pending in
the Newton Police Court, and inasmuch as the agreements were
signed by an attorney in behalf of the defendant therein, it
fairly may be assumed that the actions were being contested.
It does not appear at what time the actions in the ordinary
course of business in that court would have gone to judgment,
but even if the defendant therein had been then defaulted he
could have appealed to the Superior Court, and it is manifest
that in the ordinary course of proceeding in the appellate court
the cases could not have been reached for trial until after Feb-

ruary 15, 1903, the time to which the stay of execution under each agreement extended; and the defendant in the case before us does not argue to the contrary.

"It is to be observed that this is not a case where an agreement for a stay of execution is made concerning a judgment already in force and upon which the judgment creditor at the time of the agreement has the right to take out execution, as in *Gipson* v. *Ogden*, 100 Ind. 20, and many other cases cited by the defendant. In the case before us the plaintiffs at the time of the agreement had no judgment. The agreement for a stay of execution was a part of that under which the judgment was obtained, and there is nothing to show that the agreement for judgment could have been then obtained without the clause relating to a stay of execution. Nor is it a case where by the agreement for the stay of execution the time is extended beyond the time in which in the ordinary course of judicial proceedings it could have been obtained, as in *Wingate* v. *Wilson*, 53 Ind. 78, and several other cases cited by the defendant. The plaintiffs were prosecuting their claim by a suit against Gordon, the principal debtor, who had entered upon an active defence. By the agreement they obtained the right to an execution within a time shorter than that required by the ordinary course of judicial procedure. Although there is some conflict in the authorities, yet we think that upon principle and the great weight of authority such an agreement is not a giving of time within the true meaning of the phrase as contained in the general proposition that the giving of time to the principal discharges the surety. As stated in *Hulme* v. *Coles*, 2 Sim. 12: ' Time was not given, but the remedy was accelerated.' Among other cases supporting this view, see *Fullam* v. *Valentine*, 11 Pick. 156; *Stevenson* v. *Roche*, 9 B. & C. 707; *Price* v. *Edmunds*, 10 B. & C. 578; *Fletcher* v. *Gamble*, 3 Ala. 335."

For the foregoing reasons we are of the opinion that the justice presiding at the trial in the Superior Court was in error in directing the jury to find a verdict in favor of the defendant, which he did in the following words: "Gentlemen, counsel for

both plaintiff and defendant in this case agree that it is a
question of law for the court to decide; each contend that a
verdict should be directed in their favor.   I will direct you to
return a verdict in favor of the defendant."   As it appears that
counsel for plaintiff and defendant agree that it is a question of
law for the court to decide and that there is no disputed ques-
tion of fact for the determination of a jury, the case will be re-
mitted to the Superior Court with direction to enter judgment
for the plaintiff in the sum of $2,812.50 with interest thereon
from the first day of July, 1909, unless the defendant on the
fifth day of June, 1911, at 10 o'clock A. M., can show cause
why such judgment should not be entered.

   *Bassett & Raymond,* for plaintiff.
   *R. W. Richmond,* of counsel.
   *A. B. Crafts, William H. McSoley,* for defendant.