## Guckenheimer & Bros. Co. *v.* Kann, Appellant.

*Contracts—Guaranty—Suretyship—Payment of whole debt by one cosurety—Compulsory payments—Contribution—Equity—Parties.*

1. Where one of several parties who is liable upon a common obligation, discharges that obligation for the benefit of all, the one who makes the payment is entitled to recover from each of his co-sureties his proportionate share of the common burden.

2. A payment is compulsory where there is a clear legal duty to pay which may be enforced by judgment and execution.

3. A payment is not necessarily voluntary because made before the maturity of the debt. The surety is not bound to subject himself to the risk of an action by waiting until the creditor has a cause of action. He may consult his own safety and resort to any measure calculated to assure him of it, which does not involve a wanton sacrifice of the interest of his principal.

4. In a suit in equity to compel contribution by defendant, for his share of amounts which it was alleged plaintiff as cosurety with defendant had been compelled to pay, it appeared that a glass company had borrowed $750,000 from a bank upon its note for that amount, and $600,000 of bonds of the glass company were given as collateral security. An agreement signed by the plaintiff's predecessors and the defendant stockholders of the glass company, was made with the bank, providing that if the glass company should default in the payment of its note, they would pay the same as if they had endorsed the note. The parties further delivered to the bank stock of the glass company having a par value of $200,00 and agreed to buy back such stock within three years for $100,000. A separate agreement between the stockholders stipulated they would be liable on their contract with the bank in proportion to the amount of their holdings in the glass company, but did not fix the liablitiy of each of the signers for the redemption of stock. The glass company defaulted and plaintiff's predecessors paid the amount of the note and redeemed the stock. The bill prayed that defendant be required to pay over to the plaintiff

his proportionate share of the debt of the corporation and that he be required to contribute in the same proportion for the redemption price of the stock. The court granted the relief prayed for in the bill. *Held,* no error.

5. Where in such case it appeared that one of the signers of the agreement between the stockholders was a firm in which certain of the stockholders, parties to the surety agreement, were members and that the firm had paid the note and had transferred all its assets to plaintiff corporation in which the members of the former firm were stockholders, the corporation had the right to bring suit for the contribution.

*Practice, Supreme Court—Assignments of error—Rule 28.*

6. Assignments of error, complaining of the admission or rejection of evidence, which fail to refer to the page of the appendix where the matter is to be found in its regular order in the printed evidence, are defective in that they violate Rule 28, and will not be considered.

*Costs—Equity—Judicial discretion.*

7. Where in an equity proceeding a decree has been entered against the defendant on all points involved and he has been required to pay the entire amount claimed by plaintiffs, the chancellor commits no breach of discretion in imposing three-fourths of the costs on the defendant, especially where he might well have required defendant to pay the whole costs.

Argued Oct. 29, 1913. Appeal, No. 210, Oct. T., 1913, by W. L. Kann, from decree of C. P. Allegheny Co., Oct. T., 1912, No. 1457, Docket "A," on bill in equity in case of A. Guckenheimer & Brothers Company, a corporation, and Isaac Guckenheimer, Trustee, v. W. L. Kann and Penn-American Plate Glass Company, a corporation. Before FELL, C. J., BROWN, POTTER, ELKIN and MOSCHZISKER, JJ. Affirmed.

Bill in equity to compel contribution. Before EVANS, J.

The opinion of the Supreme Court states the facts.

The court on final hearing found for the plaintiff and granted the relief prayed for in the bill. Exceptions to the finding of fact and law of the trial judge were dismissed by the court, and a decree was entered for the

plaintiff, carrying three-quarters of the costs.   Defendant Kann appealed.

*Errors assigned* were various rulings and findings of fact and law of the trial judge and the decree of the court.

*John S. Ferguson*, with him *Thomas Patterson*, for appellant.

*A. Leo. Weil*, with him *Charles S. Thorp*, and *S. Leo Ruslander*, for appellees.

OPINION BY MR. JUSTICE POTTER, January 5, 1914:

This was a bill in equity filed to compel contribution by the defendant W. L. Kann.   From the facts as found by the court below it appears that the Penn-American Plate Glass Company borrowed the sum of $750,000 from the Farmers' Deposit National Bank of Pittsburgh, giving its note to the bank for that amount dated March 13, 1909, with $600,000 of its own bonds as collateral security.   An agreement signed by W. L. Kann, Samuel Wertheimer, Emanuel Wertheimer, Isaac Wertheimer, Isaac Guckenheimer, Ida Guckenheimer, M. M. Kann, and Samuel J. Mack was also given to the bank in which the parties named jointly and severally agreed that if the glass company should default in payment of its note they would pay the same in like manner as if they had endorsed the note.   As further consideration for the loan the bank was paid a bonus of $7,500 and the above named parties agreed in and by the same agreement to deliver to the bank, stock of the glass company having a par value of $200,000 and to buy back such stock from the bank within three years for the price of $100,000 and if not purchased within that time, the price of the stock was thereafter to be increased to certain sums named. The stock was delivered to the bank in accordance with the agreement, the defendant Kann, contributing thereto

1,116 shares. Contemporaneously with the transaction with the bank, a separate agreement was made between Isaac Guckenheimer, Trustee, W. L. Kann, A. Guckenheimer and Bros., Samuel Wertheimer, Ida Guckenheimer, Emanuel Wertheimer, Isaac Wertheimer, Isaac Guckenheimer, M. M. Kann, and Samuel J. Mack, by which the parties named who held all the stock of the glass company, stipulated as to the proportions in which they were to be liable as among themselves on their agreement with the bank. The liability of the defendant Kann was thus fixed at $298,365.12 if it should be found necessary for the guarantors to pay to the bank the full amount of the loan, $750,000. The agreement contained no stipulation as to the respective liability of the parties as between themselves for such amount as might be paid to redeem the stock. In pursuance of the agreement the defendant Kann deposited with Isaac Guckenheimer as trustee certain securities to insure the payment of any sum for which he might become liable under the terms of the contract. The firm of A. Guckenheimer and Bros. was composed of Samuel Wertheimer, Isaac Wertheimer and Isaac Guckenheimer, all of whom were parties to both agreements. The firm was not a party to the agreement with the bank, but was a party to that between the stockholders. On April 1, 1912, the plaintiff corporation, A. Guckenheimer & Brothers Company, was formed, taking over all the assets and liabilities of the firm. At about the same date, the glass company having defaulted in the payment of the $750,000 note, the same was paid by A. Guckenheimer and Bros., who also at the same time paid the bank $100,000 for the stock which had been transferred as stated above. The present bill was filed by A. Guckenheimer & Brothers Company to compel W. L. Kann to contribute his alleged proportion of the amounts paid by A. Guckenheimer and Bros., to the bank both in discharge of their liability and in redemption of the stock.

Upon the trial the court below sustained the bill and

held that the defendant Kann was liable to the plaintiff in the sum of $298,365.12 with interest, for his share of the note and in the sum of $39,782.01 with interest, as his share of the redemption price of the stock. Exceptions to the findings of the trial judge were dismissed by the court below and a final decree was entered directing the payment by defendant of the amounts named, on delivery to him of his stock and securities, and directing defendant to pay three-fourths of the costs.

Defendant has acquiesced in and complied with that part of the decree directing the payment of $298,365.12 with interest as his share of the note, but he objects to the enforcement of contribution against him for payment upon account of the $100,000 paid under the agreement for the purchase of the stock. The eighth assignment of error is to that portion of the decree which directs the payment by defendant of the sum of $39,782.01 with interest, which was held to be his proportion of the amount paid for the stock. The ninth assignment of error, is to that portion of the decree which directs defendant to pay three-fourths of the costs. All the quesitons involved in this appeal may properly be considered under these two assignments of error. Counsel for appellant cite no authorities in support of their contentions, but suggest that the authorities upon which the court below relied, do not properly apply to the facts of this case. These authorities are, the leading case of Deering v. Earl of Winchelsea, 2 Bos. & Pul. 270, in which the principle was clearly recognized that contribution depends not upon contract, but upon a fixed principle of justice, and Malone v. Stewart, 235 Pa. 100, where the rule of contribution as defined in the case just cited is recognized as applicable in Pennsylvania. The record in this case shows the presence of every element essential to a proper case for contribution. Here, one of several parties who were liable upon a common obligation to the bank, discharged that obligation for the benefit of all of them. This gave to the one who made

the payment the right to recover from each of his co-sureties his proportionate share of the common burden. The payment was compulsory in that there was a clear legal duty to pay which might have been enforced by judgment and execution. Even where payment has been made by one legally bound therefor before the maturity of the debt contribution has been enforced. Thus in Craig v. Craig, 5 Rawle 91, Mr. Chief Justice GIBSON said (p. 98) : "As to the position taken, that payment before the bonds fell due, would be essentially voluntary, it is proper to remark, that the principle was ruled differently in Armstrong v. Gilchrist, 2 Johns. Cas. 429, where it was held that a guarantor of a note who had compromised and paid it for his own indemnity before it had become due,. was entitled to recover. That a surety is to wait till payment is extorted from him, is not pretended; but it is said that payment before maturity is necessarily voluntary; and that eventual liability is not equivalent to a precedent request. There is no authority for that; and it seems not to be defensible on principle.......Nor is he bound to subject himself to the risk of an action by waiting till the creditor has a cause of action. He may, in short, consult his own safety and resort to any measure calculated to assure him of it, which does not involve a wanton sacrifice of the interest of his principal." In the present case the firm of A. Guckenheimer and Bros. which purchased the stock from the bank was not itself directly a party to the contract, but all its individual members were parties and the contemporary agreement made.between the stockholders of the glass company was signed by the firm as well as by its members, and it appeared that the firm held two thousand shares of the glass company's stock. All the partners in the firm were liable to the bank under the agreement, and it makes no substantial difference whether the money which they all were under obligations to pay, was paid with the check of the firm or by them as individuals. It was clearly in relief of

their individual obligation. Having discharged this obligation through the firm of which they were the only members, no good reason appears why they could not make their claim for contribution against their co-obligors in the firm name. Going one step farther, as the assets of the firm had been transferred to the corporation which took over its assets and assumed all its liabilities, it seems clear that the latter then had the right to file this bill. It cannot be doubted but that the decree of the court below will amply protect the defendant from any further liability to the firm or to any of its members as individuals, upon account of this obligation. It is apparent also from the terms of the contract that had the bank seen proper to follow the defendant Kann, it could have required him to accept the stock at the price agreed upon, or in case of his refusal it could have brought suit against him for the purchase money under the contract. Counsel for appellant suggest in the argument that defendant may have had certain defenses against the bank, but if so these defenses are not set forth. If it were true that he was under no obligation to perform his agreement, that fact would, of course, relieve him from claim for contribution, for the right of contribution can only arise where both parties are equally liable for the debt which was paid; but the record here shows no evidence of any defense which defendant might have set up effectively as against the claim of the bank. A common obligation was shown which was discharged by the predecessor of the plaintiff for the benefit of all the obligors including defendant.

The question is also raised as to whether the court below was correct in its calculation of the amount which defendant was liable to contribute. There were eight obligors, and it is suggested that defendant was, therefore, only liable for one-eighth of the purchase money. The decree requires him to contribute in the same proportion that he had bound himself in the payment of the

$750,000 note.  This proportion with some variations for special reasons favorable to appellant was based on his holdings in the stock of the glass company.  In fact, all the obligors seem to have agreed to make themselves liable upon this basis.  It was their own arrangement as to the note and the agreement for the repurchase of the stock was part of the same transaction.  No good reason has been shown why the same proportions should not have been maintained with regard to the stock matter. It was merely a part of the bonus paid to secure the loan.  We think the decree of the court below is equitable in requiring defendant to pay in proportion to his interest in the stock of the glass company, which was the principal debtor.  It is in accord with the plan which defendant himself has recognized as fair and just by his agreement with regard to the payment of the $750,000 note.  We see no reason for just complaint at the application of the same rule to both matters of liability which arose out of the same transaction.  As is pointed out by counsel for appellees, the court below might have adopted another basis of calculation which would have required defendant to pay in accordance with the number of shares of the glass company's stock which he contributed to make up the two thousand shares which were transferred to the bank and which under the decree of the court below are to be returned to him.  This basis of adjustment would require defendant to pay more than one-half of the $100,000 so that the method which was adopted by the court below is more favorable to defendant.

In the sixth and seventh assignments of error complaint is made of the exclusion of certain offers of evidence made on behalf of defendant on the trial.  Both of these assignments are defective in that they violate rule 28 of this court in failing to refer to the page of the appendix where the matter is to be found in its regular order in the printed evidence.  The questions sought to be raised by these assignments are not included in ap-

pellant's statement of questions involved and no argument has been made in support of them. They have not, therefore, been considered.

Complaint is also made of the disposition of the costs which was made by the court below. This was a matter within the sound discretion of the chancellor with which this court will not interfere unless there is a clear abuse of this discretion, citing: Grim v. Walbert, 155 Pa. 147 (152); Pennsylvania Company for Ins. on Lives & Granting Annuities v. Bank, 195 Pa. 34 (37). In the present case no abuse or discretion by the court below appears. The decree was against defendant on all points involved and required him to pay the entire amount claimed by plaintiffs. The justice of this decree has been admitted in great part by defendant in the payment by him of a large part of the total sum awarded. Instead of imposing as it did but three-fourths of the costs on defendant, the court below might very well have required him to pay all of them. Had it done so we could not say that there had been any abuse of discretion.

The assignments of error are all dismissed and the decree of the court below is affirmed.