Strafford, } No. 3961.
Feb. 6, 1951. }

MERCHANTS NATIONAL BANK *v.* JOHN F. SULLIVAN *& a.*

432

*Charles F. Hartnett* (by brief and orally), for the plaintiff.

*McCabe & Fisher* and *John D. McCarthy* (*Mr. McCarthy* orally), for the defendants.

DUNCAN, J. So far as the record discloses, the defendants have preserved only a general exception to the findings and rulings of the Trial Court. *Cf. Parks* v. *Company*, 94 N. H. 454. However since the sufficiency of the exception is not questioned by the plaintiff, issues which the parties have argued under the exception will be considered. *Bee* v. *Chicopee Mfg. Corp.*, 94 N. H. 478, 479.

The defendants raise a preliminary objection that the plaintiff has not exhausted its remedies at law, and has no attachment lien, and that therefore the bill should be dismissed. Since the only attachment made was in the law action against the husband brought after his conveyance to his wife, the plaintiff has no lien upon the property

conveyed. Under the statute upon which the plaintiff relies, however, the objection raised is not decisive of the plaintiff's right to maintain its action. The statute, (the uniform fraudulent conveyances act), expressly provides that a creditor having a matured claim may either "have the conveyance set aside . . . or disregard the conveyance and attach or levy execution upon the property conveyed." R. L., c. 419, s. 9 (I). The plaintiff was entitled to seek relief under the first alternative. In *American Surety Co.* v. *Conner*, 251 N. Y. 1, a leading case upon this question, it was held that under the uniform act a creditor need have no attachment or execution before bringing his bill. Speaking through *Cardozo*, Ch. J., the court pointed out that the act expressly abrogates "the ancient rule whereby a judgment and a lien were essential preliminaries to equitable relief against a fraudulent conveyance." (*p.* 7). We see no reason to entertain a different view. Note, 42 Yale L. J. 288; McLaughlin, 46 Harv. L. Rev. 404, 438. See *Wilson* v. *McCarroll*, 80 N. H. 580.

The defendants' principal claim of error relates to the ruling that the claim of a resulting trust in favor of the wife is not material, and may not be asserted against the plaintiff. As a proposition of law the ruling was erroneous; and we are not satisfied that the requested ruling that in view of the plaintiff's reliance, "it would be inequitable to permit the parties to assert an alleged equitable ownership by Mrs. Sullivan" was intended to be a finding or ruling based upon the evidence with respect to this issue, since the issue was expressly ruled out as immaterial.

The testimony of the defendant wife indicated that the property in question was purchased with her separate funds, and her husband named as a joint grantee without her consent, although perhaps with her ultimate acquiescence. Her testimony was not denied, but was in part at least confirmed, by that of her husband. Coupled with the evidence of the subsequent conduct of the parties with respect to the property, the evidence would support a finding that any presumption of a gift of the property by the wife to the husband was rebutted (*Foley* v. *Foley*, 90 N. H. 281), and that a trust in favor of the wife resulted (*Hopkinson* v. *Dumas*, 42 N. H. 296; *Smith* v. *Pratt*, 95 N. H. 337, 340), at least in the proportion which her funds invested in the property bore to the total investment (*Hatch* v. *Rideout*, 95 N. H. 431). "Whether there was a trust in favor of the wife was the great question in the case; and inasmuch as that question was not tried . . . the case should be discharged, and stand for further hearing in the court below." *Moulton* v. *Haley*, 57 N. H. 184, 187.

The ruling that the establishment of a resulting trust would be material only as between husband and wife, and not as against this plaintiff was erroneous. If a trust resulted, then the equitable interest of the wife in the premises was, at least *pro tanto*, "fair consideration" for the conveyance made to her. *Keaton* v. *Pipkins*, 43 F. (2d) 497; see *Citizens Nat. Bank* v. *Hermsdorf, ante,* 389. To the extent to which she was beneficial owner of the property, conveyance to her was merely execution of the trust (*Owings* v. *Laugharn*, 53 Cal. App. (2d) 789), and operated to deprive the husband's creditors of no assets of his. "Where one person pays the purchase price for a conveyance of land to another, the resulting trust in favor of the payor may, of course, be cut off by a transfer of the land to a *bona fide* purchaser. Creditors are not purchasers for value, and creditors of the trustee cannot enforce their claims against the trust property." 3 Scott, Trusts, s. 459; 2 *Id.*, s. 308.

The provisions of the uniform fraudulent conveyances act do not alter this principle. "If the property transferred is not subject to the claims of creditors, the rules as to fraudulent conveyances do not apply. . . . A 'transfer by a husband to his wife of property which belongs to her legally or equitably is not fraudulent as to his creditors." *Kummet* v. *Thielen*, 210 Minn. 302, 306. "It is the performance of an equitable obligation which the court so far as possible will protect. . . . " *Ferguson* v. *Winchester Trust Co.*, 267 Mass., 397, 400. See also, R. L., c. 419, s. 11; *Liberty Trust Co.* v. *Hayes*, 244 Mass. 251; *Garner* v. *Second Nat. Bank*, 151 U. S. 420; 9 Uniform Laws Annotated 342, note 12; Glenn, Fraudulent Conveyances, s. 369; McLaughlin, 46 Harv. L. Rev. 404, 413.

If upon further hearing, it is found that a trust resulted in favor of the defendant wife, there will remain for determination the further question of whether she is estopped to assert her rights. "Where . . . credit is extended to the trustee in reliance upon his apparent ownership of the trust property, and the beneficiary knew or had reason to know that the trustee was receiving credit because of his apparent ownership . . . the beneficiary is estopped by his conduct from enforcing his equitable interest as against such creditors." 3 Scott, Trusts, s. 459. See also, 2 *Id.*, s. 313. *Liberty Trust Co.* v. *Hayes, supra; Keaton* v. *Pipkins, supra; Berenato* v. *Gazzara,* 346 Pa. 568; Restatement, Trusts, s. 459.

The defendant wife disclaimed any knowledge of her husband's transactions which gave rise to his liability to the plaintiff. Whether she in fact knew or should have known that he was obtaining credit

upon the strength of his record title to the real estate is a question of fact for the Trial Court.

The ruling relied upon by the plaintiff which was made in response to its request does not dispose of this issue. While it perhaps implies a finding that the plaintiff relied upon the husband's apparent title, there is no finding upon the second requirement of estoppel, that of knowledge, actual or constructive, on the part of the defendant wife. The cases of *Butler* v. *Wheeler*, 73 N. H. 156 and *Sanborn, McDuffee Co.* v. *Keefe*, 88 N. H. 236, 240, relied upon by the plaintiff are not controlling of this case. Like the case of *Belis* v. *Belis*, 84 N. H. 541, they deal with the rights of a creditor having an attachment lien upon property in which an equitable title was asserted. The plaintiff in this case obtained no lien by attachment prior to the conveyance complained of, and we are not called upon to determine what its rights would be if it had.

Other exceptions relied upon by the defendants require no extended consideration. No exceptions to denial of their requests are transferred. Evidence relating to the plaintiff's investigation of the husband's credit standing was admissible upon the issue of its reliance upon his apparent title. The testimony concerning the basis of the plaintiff's bid upon foreclosure of its chattel mortgage was not incompetent because self-serving. *Clapp Co.* v. *McCleary*, 89 N. H. 65, 66. Exclusion of testimony by the plaintiff's cashier as to whether he considered the conveyance fraudulent was proper in the Court's discretion. *Danos* v. *Company*, 94 N. H. 200; *Dowling* v. *Shattuck*, 91 N. H. 234.

Final disposition of the bill must await further findings upon the issue of whether a trust of the real estate resulted to the wife, and if so, whether she is estopped to assert the rights so acquired.

*Case discharged.*

All concurred.