Cheshire
No. 7022

JOHN B. RICE & a.

v.

HENRY A. SNOW & a.

February 27, 1976

*Bradley & Talbot* and *John M. Safford (Mr. Safford* orally) for the plaintiffs.

*Richard G. Smith* and *Bruce R. Angelo (Mr. Smith* orally) for the defendants.

GRIFFITH, J.   These are two actions between the parties which were joined for trial. Trial by the Court *Loughlin,* J., resulted in a verdict for the plaintiffs of $25,000 in the law action against Henry A. Snow and a decree for the plaintiffs in the equity action to reach certain property allegedly conveyed to the defendant Helen E. Snow in fraud of creditors. The trial court reserved and transferred the defendants' exceptions.

The cases arose as a result of a loan of $100,000 made by the Small Business Administration to Snow Diamond Products, Inc., and personally guaranteed by plaintiff John B. Rice and defendant Henry A. Snow. Henry A. Snow owned approximately fifty percent of the stock in the corporation and was president and treasurer while John B. Rice was vice-president and owned ten percent of the stock. In their application for a loan with the SBA, both Rice and Snow were required to file personal financial statements. Defendant Snow listed as assets real estate owned with his wife, which the court found at present market value had an equity of $16,627.12. About one month after the filing of the SBA application, on May 27, 1965, Henry Snow conveyed all his interest in the real estate to his wife without any monetary consideration. The SBA loan was made on August 13, 1965, with both Snow and Rice signing as guarantors.

Snow Diamond Products, Inc., as a result of business losses, defaulted on the SBA loan, resulting in a foreclosure on the corporation assets in 1969 and a subsequent suit against Rice and Snow as guarantors. The suit against the guarantors was settled by payment

by Rice of the balance due on the corporate loan amounting to $50,000.00. The trial court found that plaintiffs were entitled to recoup $25,000 from defendant Henry A. Snow, being one-half of the judgment paid by the plaintiff in the federal district court. The court found the conveyance from Henry Snow was in fraud of the plaintiffs and voidable and decreed that the plaintiffs would be entitled to levy on the undivided one-half interest Henry Snow has in all real estate in his wife's name, to be determined by deducting her homestead right and net equity of redemption from the total equity of redemption.

Defendants advance three arguments why the verdict and decree against them should not stand. First, that defenses existed to the SBA federal district court action which Rice failed to raise so that his payment was voluntary rather than under a clear legal duty. Secondly, they argue that the conveyance made by Mr. Snow to his wife is not voidable in fraud of creditors under RSA ch. 545. Finally, they rely upon *Merchants National Bank v. Sullivan,* 96 N.H. 430, 78 A.2d 508 (1951), which held that a transfer by a husband to a wife of property which belonged to her legally or equitably is not fraudulent as to his creditors.

I.

Defendants are correct in their assertion that a surety's payment must be made under a clear legal duty or there is no right to contribution. *Guckenheimer & Bros. Co. v. Kann,* 243 Pa. 75, 80, 89 A. 807, 808 (1914); *Fales v. McDonald,* 32 R.I. 406, 409-10, 79 A. 969, 970 (1911). However, it is not necessary for a surety to resist until final judgment for his payment to be involuntary. *Guckenheimer & Bros. v. Kann, supra* at 80, 89 A. at 808; *Durfee v. Kelly,* 228 Mass. 571, 574, 117 N.E. 907, 908 (1917). Neither would the existence of a defense against the creditor bar contribution if the surety seeking contribution made the payment in the justifiable belief that a duty existed and without knowledge of the defense. Restatement of Security § 152 (b) (ii) (1941).

Although the trial court found that Snow had no defense of any merit to the claim of the SBA, in any event the evidence supported its further finding that Rice had "no alternative but to pay." "Where a surety makes a payment to a creditor and a cosurety has a defense against the creditor, the surety making the payment . . . (b) is entitled to contribution if he has become surety with the consent of the cosurety and if he made the payment . . . (ii) without knowledge of a defense in the justifiable belief that such a duty

existed . . . ." Restatement of Security § 152 (b) (ii) (1941); L. Simpson, Handbook on the Law of Suretyship 251-52 (1950); *Hichborn v. Fletcher,* 66 Me. 209 (1877); *Kelly v. Sproul,* 153 Mich. 691, 117 N.W. 327 (1908); *Warner v. Morrison,* 85 Mass. (3 Allen) 566 (1862).

## II.

The trial court found that Henry Snow's conveyance of all his interest in real estate to his wife was fraudulent. In support of this conclusion, the court found that the conveyance was without monetary consideration, was made after listing the real estate as assets in the SBA application and when he knew or should have known that he was expected to join in the personal guarantee of the $100,000 loan. Furthermore, in denying defendants' requests to find to the contrary, the court found that Snow, at the time of the conveyance, intended or believed he would incur debts beyond his ability to pay as they matured. These findings were all supported by evidence and could reasonably be made. *F.A. Larson Realty Co. v. Hayes,* 114 N.H. 501, 323 A.2d 914 (1974). On the basis of these specific findings, the conveyance was fraudulent as defined by RSA 545:6 which states: "Every conveyance made and every obligation incurred without fair consideration, when the person making the conveyance or entering into the obligation intends or believes that he will incur debts beyond his ability to pay as they mature, is fraudulent as to both present and future creditors." *See* RSA 545:5; *Peterson v. Reilly,* 105 N.H. 340, 200 A.2d 21 (1964).

## III.

Defendants' reliance on *Merchants National Bank v. Sullivan,* 96 N.H. 430, 78 A.2d 508 (1951), is misplaced. In *Sullivan,* it appeared the trial court disregarded evidence that the property in question was purchased with the wife's separate funds, and that the husband was named as a joint grantee without her consent. In the present case, upon all the evidence the court properly refused to find that Helen Snow contributed a major portion of the funds from which the real estate was acquired and found that the transfer was without monetary consideration. *Cf. Reen v. Berton,* 115 N.H. 424, 342 A.2d 650 (1975).

*Defendants' exceptions overruled; remanded.*

All concurred.