Hillsborough
No. 7744

RICHARD E. BARTER

v.

WILLIAM E. STEWART, JR. & a.

October 17, 1977

*Edward R. Thornton, Sr.,* of Manchester, by brief and orally, for the plaintiff.

*Brighton, Fernald, Taft & Hampsey,* of Peterborough, and *John R. Falby, Jr. (Mr. Falby* orally), for the defendants.

GRIMES, J. The question in this case is whether the trial court erred in dismissing plaintiff's petition that a certain conveyance by defendant William to his wife be declared in fraud of William's creditors. We uphold the trial court.

This petition was filed by a creditor of William E. Stewart, Jr., to set aside a conveyance from William to his wife, Jane, of his interest in certain real estate which he held in joint tenancy with her. After a hearing, the trial court dismissed the petition and plaintiff's exceptions were transferred by *Mullavey, J.*

There was evidence that in October 1968, before her marriage to William, Jane had purchased her home in Bennington, New Hampshire, for a total price of $15,000. She obtained a mortgage for $12,000 and a loan from her parents of $3,000. Her parents also helped her by contributing $25 per month toward the mortgage payments with the understanding that they would be repaid if anything happened to Jane or she sold the property. This agreement was reduced to writing.

Jane and William were married in January 1969. In May 1971, she put the Bennington property in their joint names. Her testimony was that she created the joint tenancy so that if anything happened to her, the property would become his subject to the agreement with her parents. She denied that she intended a gift of part of the property at the time of the conveyance.

William's business involved purchasing newspapers from the plaintiff who in turn purchased them from the Union Leader Corporation. William then sold the papers to others using the proceeds to pay the plaintiff. There was evidence that plaintiff never relied for payment on any assets owned by William or sought any security for payment. By the nature of the arrangement, William usually operated in arrears. In June 1972, William suddenly disappeared. He had recently paid plaintiff $1,883 but a balance, alleged to be $3,991.77, remained unpaid. About a week before he left, William conveyed the Bennington property back into Jane's name alone.

William did not inform Jane that he was leaving but sent her a letter that he would not return. In 1976, she obtained a divorce on the ground of abandonment.

■ At the trial on this petition, neither party requested that the court make any written findings, but after the court's decision plaintiff filed a motion for written findings and rulings. This motion was denied. We find no abuse of discretion in this denial. RSA 491:15 provides for the court to render its decision in writing "if either party request[s] it". Superior Court Rule 72 provides that all requests must be at the close of the evidence. Not having filed a request seasonably, the plaintiff has waived whatever rights he

may have had. *See Sisters of Mercy v. Hooksett,* 93 N.H. 301, 42 A.2d 222 (1945); *Moynihan v. Brennan,* 77 N.H. 273, 90 A. 964 (1914); *Merchants National Bank v. Adams,* 114 N.H. 46, 314 A.2d 664 (1974).

The transcript clearly reveals that the trial court found that in creating the joint tenancy Jane intended not to make a then present gift of a part of the property to William, but rather to arrange so that upon her death, it would go to him subject to the agreement with her parents. This is shown by the discussion with counsel on the record at the close of the evidence. There was ample evidence to support this finding and it therefore will not be disturbed. *Zuk v. Hale,* 114 N.H. 813, 330 A.2d 448 (1974). There was evidence that William contributed nothing toward the monthly mortgage payment, taxes or any other expense with respect to the real estate or any other household expenses. It follows that William had no real interest in the property at the time of his conveyance back to his wife and the conveyance was not, therefore, in fraud of his creditors. *Merchants Nat. Bank v. Sullivan,* 96 N.H. 430, 78 A.2d 508 (1951); *see Bastianelli v. Toco Int'l, Inc.,* 117 N.H. 549, 375 A.2d 595 (1977).

Nor did the trial court err in not finding that Jane was estopped from asserting her equitable ownership of the property, because the evidence supported a finding that plaintiff never relied on William's record title in extending credit and that Jane had no knowledge of such reliance even assuming that it had existed. *Merchants Nat'l Bank v. Sullivan,* 96 N.H. 430, 78 A.2d 508 (1951).

The fact that William wrote to his wife after his sudden departure that she was "protected from the U. Leader now that was my biggest concern" in no way alters the equitable ownership Jane had in the property. His motives and intent could not affect her rights.

*Exceptions overruled.*

All concurred.