BALDWIN *v.* WENTWORTH.

An objection to the sufficiency of the plaintiff's evidence to warrant a verdict in his favor is waived, if not taken till after the charge to the jury.

The extent to which cross-examination about collateral matters shall be permitted, is a question of fact for the trial term.

TROVER, for a yoke of oxen and other cattle. Plea, the general issue, with a brief statement that the defendant, a deputy sheriff, took the cattle, August 16, 1889, on a writ against Daniel Day, and that they were Day's property. Verdict for the plaintiff.

The plaintiff, who was the first witness called, testified that in May, 1889, he sold the oxen to one Sanborn for $90, and that the defendant took them from Sanborn's possession. No question respecting the sale was put to him on cross-examination, and no allusion to this testimony was made by either party (except on the question of the value of the oxen) until the jury were instructed and about to retire, when the defendant objected that on the evidence the plaintiff could not recover for the oxen, and requested the court so to instruct the jury. The court declined, and the defendant excepted.

On cross-examination, the plaintiff testified that for six or eight years prior to the seizure of the cattle Day lived on the plaintiff's farm, under an agreement for a conveyance on the payment of a stipulated price; that Day had not paid, and that he had, three or four months after the seizure of the cattle, been expelled from the possession by legal process; that in 1885 or 1886 the plaintiff bought and paid for the cattle, put them on the farm, and agreed with Day to allow him their growth or increase in value, in case he paid for the farm; and that Day had no other interest in them. The court (remarking that possibly the evidence might be competent at a later stage) refused to permit the defendant then to inquire of the plaintiff as to the source of his title to the farm and into his dealings with Day in respect to it, and the defendant excepted.

*Jason H. Dudley* and *Thomas F. Johnson*, for the plaintiff.

*James I. Parsons* and *Drew & Jordan*, for the defendant.

BLODGETT, J. The request came too late. If it had been made seasonably the plaintiff would have had an opportunity to obviate the objection as to his title by further evidence, and doubtless would have done so. But however this may be, the defendant could not lie by until after the evidence, arguments, and charge to the jury were closed, and then first avail himself of an objection that was open to him, and which in fairness he ought to have taken as soon as the evidence for the plaintiff was closed, or, at latest, when the evidence was closed on both sides. *Brown* v. *Insurance Co.*, 59 N. H. 298; *Dole* v. *Thurlow*, 12 Met. 157, 164; *Holden* v. *Cosgrove*, 12 Gray 216, 217. And in view of the result of the trial, it is apparent that the defendant has no well founded cause of complaint by reason of the denial of his request, for however defective the proof of the plaintiff's title may have been, the verdict establishes the fact that Day had no title at all, or, at least, only one inferior to that of the plaintiff. This of itself is a sufficient reason why a new trial should not be granted to the defendant. He has had his full day in court, and justice does not require that he should have another.

There was no legal error in refusing to permit the defendant further to inquire of the plaintiff into the source of his title to the farm and his dealings with Day in respect to it. How far justice required the cross-examination should be allowed to go in those directions was a question of fact for the trial term. *Gutterson* v. *Morse*, 58 N. H. 165; *Merrill* v. *Perkins*, 59 N. H. 343, 345; *Gibbs* v. *Parsons*, 64 N. H. 66, 68.

*Exceptions overruled.*

CARPENTER, J., did not sit: the others concurred.