Hillsborough,  }
June 7, 1904.  }

### Elwell v. Roper & a., Ex'rs.

In an action against the estate of a person deceased to recover for extra services, evidence of the decedent's statements to a third person as to her intention to remunerate the plaintiff if the latter had continued in the employment is hearsay and properly excluded.

In such action, evidence that the decedent wore gowns which required much laundering is competent as to the character and extent of the services rendered.

In such action, entries upon diaries by the decedent's husband, which only tend to prove payment in full for services other than those which are the subject of suit, are immaterial and properly excluded.

The denial of a request for specific instructions is not exceptionable if their material propositions are clearly and succinctly stated in the charge.

Whether special questions shall be submitted to the jury, is a matter within the discretion of the trial court.

Whether a verdict should be set aside as against the evidence, is a question determinable by the trial court.

An objection that the proof produced by the opposite party is not sufficient to warrant a verdict in his favor is waived unless taken before the evidence is closed.

PROBATE APPEAL. The case is the same reported *ante*, p. 254. Trial by jury and verdict for the plaintiff. Transferred from the January term, 1904, of the superior court by *Peaslee*, J., upon the defendants' exceptions.

*Burnham, Brown, Jones & Warren*, for the plaintiff.

*Harry E. Loveren* and *Oliver E. Branch*, for the defendants.

CHASE, J. 1. The alleged promise of the testatrix was that the plaintiff should be fully paid in the end for the extra services. The price for these services was not agreed upon. In such case the law implies that the promisor shall pay what the services are reasonably worth. The plaintiff's specification sufficiently sets forth the contract. This point was covered by the former decision, as also was that relating to the statute of limitations. *Elwell* v. *Roper, ante*, p. 254.

2. The evidence offered by the defendants,—that after the plaintiff left the employ of the testatrix, the latter said she intended to give the plaintiff something more if she had stayed through the testatrix' lifetime,—being hearsay, was properly excluded.

3. The evidence that the testatrix wore silk tea-gowns and dresses that required a great deal of laundering had a tendency to prove the character and extent of the services rendered by the plaintiff, and was competent.

4. It does not appear that the entries upon the diaries of the deceased husband of the testatrix showing payments to the plaintiff, offered by the defendants, were competent evidence. This action is brought to recover compensation for extra services rendered under an independent contract, by which the testatrix employed the plaintiff and promised to pay her for such services. According to the theory of the action, the plaintiff had two contracts which were independent of each other,—one by which she rendered the services of an ordinary domestic in the family of the testatrix and her husband, and the other the one in suit. She admitted that she had been paid in full for her services as a domestic. Evidence that she was employed to render such services by the husband and was paid by him would be wholly immaterial as to the issue in this action. It is not suggested that the evidence tended to prove that he paid her more than she would be entitled to for such services. Notwithstanding such employment and payment, the testatrix might employ the plaintiff to perform extra services and legally bind herself and her estate to pay for them. Payments by the husband to the plaintiff would have no logical tendency to prove that the contract alleged in this action was not made; nor that the contract had been fulfilled, unless there was also evidence tending to show that the payments were made on account of the testatrix, and there was no such evidence, so far as appears.

5. Although the charge to the jury was not in the words of the defendants' request, it clearly and succinctly stated all the propositions of the request that were material to the case. The defendants have no ground of exception because their forms of expression were not used. *Walker* v. *Railroad*, 71 N. H. 271.

6. It was a matter within the discretion of the court whether special questions should be submitted to the jury, and there was no error of law in the denial of the defendants' motion for a submission of such questions. *Richardson* v. *Weare*, 62 N. H. 80.

7. The defendants say there was no evidence as to what the extra services were, and as to what they were worth. Presumably, this position is taken under the exception to the denial of their motion to set aside the verdict as against the evidence, since there is no other exception that covers it. The evidence relating to the nature and extent of the services was substantially the same as at the former trial (see *ante, p.* 255); and while there was no direct evidence of what the extra services by themselves were worth,

there was evidence that the wages of girls of the plaintiff's capacity for doing general housework were $3.50 to $4.50 a week, and that the plaintiff's entire services were worth more than $4.50 a week. There being some evidence upon the points referred to, the defendants' exception raises no question of law. *Pitman* v. *Mauran*, 69 N. H. 230; *Wilbur* v. *Berry*, 71 N. H. 619. Moreover, the question whether the evidence was sufficient to warrant a verdict in favor of the plaintiff should have been raised before the evidence was closed, so that the plaintiff might have an opportunity to supply the deficiency, if she saw fit and was able to do so. The defendants' failure to thus raise the question was a waiver of their objection on account of insufficiency. *Baldwin* v. *Wentworth*, 67 N. H. 408; *Lane* v. *Hill*, 68 N. H. 275. These remarks also apply to the point that there was no evidence from which the jury could properly find that there was not a settlement between the plaintiff and the testatrix after the plaintiff left the employment. See *ante, p.* 256, subdivision 3 of the opinion.

*Exceptions overruled.*

All concurred.