Hillsborough, ⎰
  Dec. 3, 1907. ⎱

## FARNHAM *v.* ANDERSON.

The objection that evidence adduced by the adverse party is insufficient to warrant a verdict in his favor cannot be first interposed after a submission of the case upon its merits, unless the facts presented by the record disclose that the deficiency is incapable of being supplied.

ASSUMPSIT. Trial by jury, resulting in a disagreement. Transferred from the May term, 1907, of the superior court by *Peaslee, J.* The facts are stated in the opinion.

*Walter E. Kittredge* and *Taggart, Tuttle, Burroughs & Wyman,* for the plaintiff.

*Hamblett & Spring,* for the defendant.

BINGHAM, J. This case was submitted to the jury upon its merits, without a motion for a nonsuit, a verdict, or judgment having been interposed by the defendant. The jury disagreed and were discharged. The defendant then moved for judgment, on the ground that the evidence in the case would not warrant a verdict for the plaintiff on the issue raised by the pleadings. The motion was denied, and the defendant excepted. We are therefore called upon to consider whether the question of the sufficiency of evidence to support a material issue in a case can be raised by a motion made at this stage of the proceedings.

This is not the first time the question has been before the court. An examination of the cases discloses that it has been held that the moving party waives his right to call in question the sufficiency of the evidence to sustain such an issue, when his motion is not seasonably made; and that it is not seasonably made after the case has been submitted to the court or the jury. If the motion is interposed after that time, the presumption is, unless the

facts in evidence disclose the contrary, that the deficiency in the evidence is capable of being supplied; but as the plaintiff then has no opportunity to supply it, the motion comes too late.

In *Brown* v. *Insurance Co.*, 59 N. H. 298, 307, a motion of this character was held to be seasonable if made not later than the close of all the evidence. In *Baldwin* v. *Wentworth*, 67 N. H. 408, which was an action of trover for a yoke of oxen and other cattle, a motion made by the defendant, after the charge of the court had been delivered and the jury were about to retire, that the jury be instructed "that on the evidence the plaintiff could not recover for the oxen," was held to come too late; that "the defendant could not lie by until after the evidence, arguments, and charge to the jury were closed, and then first avail himself of an objection that was open to him, and which in fairness he ought to have taken as soon as the evidence of the plaintiff was closed, or, at latest, when the evidence was closed on both sides."

In *Lane* v. *Hill*, 68 N. H. 275, which was an appeal from the probate of a will, the jury disagreed upon the first issue submitted to them, but upon the second and third issues returned a verdict for the plaintiff. The plaintiff then moved for judgment, on the ground that the evidence introduced by the defendant to show a revocation of the will was insufficient in law for that purpose; and although there was no evidence upon which a finding of a revocation could be sustained, the court held—the question being reserved without a ruling—that the plaintiff "having suffered the case to go to the jury upon this issue without objection, her motion comes too late after the failure to find a verdict." In *Elwell* v. *Roper*, 72 N. H. 585, 586, *Gendron* v. *St. Pierre*, 73 N. H. 419, 424, and *Kidd* v. *Traction Co.*, ante, 160, 175, the position is also taken that a motion addressed to the legal sufficiency of evidence to support a material issue comes too late if made after the case has been submitted to the jury.

The motion in this case having been made after the issue raised by the pleadings had been submitted to the jury, and as the facts presented by the record do not disclose that the deficiency in the evidence is incapable of being supplied, the same result follows. It is unnecessary to consider the circumstances under which a motion for judgment *non obstante veredicto*, or a motion in arrest of judgment upon an adverse verdict, may properly be made, or the questions that may be raised by them. It may, however, be said that it has not been understood that the question of the legal sufficiency of evidence to sustain a material issue could be so raised. *Lovell* v. *Sabin*, 15 N. H. 29, 37 ; 23 Cyc. 826 e.

*Exception overruled.*

All concurred.