Strafford, }
Feb. 4, 1908. }

### Coles v. Boston & Maine Railroad.

An objection that proof adduced by the opposite party is insufficient to sustain a verdict in his favor is waived unless taken before the evidence is closed.

A transfer of evidence to the supreme court, without any ruling or agreement as to its sufficiency, or any finding as to facts proved thereby, presents no question of law.

Case, for negligence whereby goods entrusted to a common carrier were lost in transit from Philadelphia to Conway Junction, Maine. Transferred from the September term, 1907, of the superior court by *Stone,* J.

A few days prior to November 13, 1904, the plaintiff, who was unacquainted with the methods employed in the shipment of freight, went to the office of the Pennsylvania Railroad, told those in charge that she wished to ship her goods to Maine, described

the property, and inquired if she must hire a car. She was asked if she wished her goods to go as reasonably as possible, replied in the affirmative, and was told that she need not hire a car if she would see that the goods were well packed and would herself come to the office when they were shipped. The person to whom she talked said that if the goods were his he "would let them go right along."

The plaintiff went to the office when the goods were shipped, saw them weighed, and paid $10.80—the sum demanded for their transportation. A few minutes later she was called to the window and given a way-bill, but nothing further was said to her. She examined the way-bill to see if her name was in it and that it receipted for her money, and then placed it in her pocket. She did not know that it limited her damages to $5 a hundred-weight until she made her claim for loss against the defendant. The goods were shipped over the Pennsylvania Railroad on November 13, 1904, and a part of them were received at Conway Junction three weeks later. The plaintiff's testimony was made a part of the case.

Counsel for the parties agreed as follows: (1) If on the foregoing facts the plaintiff can only recover $5 per hundred-weight as damages, she is to have judgment for $120 and costs; (2) if she is not limited to $5 per hundred-weight, she is to have judgment for $300 without costs.

*William S. Pierce*, for the plaintiff.

*Kivel & Hughes*, for the defendant.

PEASLEE, J. The agreement at the close of the case may fairly be construed to mean that the defendant admits its liability as a common carrier for the full value of the property, unless facts are disclosed which limit such liability. The defendant makes this admission in its brief and joins issue with the plaintiff on the question whether she is bound by the bill of lading. Both parties assume that the reported facts, taken in connection with the testimony of the plaintiff, present a question of law as to the written document being her contract.

Whether she assented to a contract was a question of fact. *Gray* v. *Jackson*, 51 N. H. 9, 12. Whether there was any evidence from which it could be found that she did not assent was a question of law. *Ib.* If the issue of fact was tried, this question of law was waived unless raised in the superior court. The sufficiency of the evidence offered to sustain a verdict upon the issue tried must be brought in question before the evidence is closed. *Elwell* v. *Roper*, 72 N. H. 585, 587.

The transferred case does not show what proceedings were had, or whether there was any trial. The difficulty of attempting to dispose of the case is thus increased. As the case stands, it contains some material facts and some evidence as to some other material facts, coupled with an agreement that if the ultimate conclusion of law is one way there is to be a certain judgment, and if it is another way there is to be a different judgment. The basic question of fact, whether the plaintiff assented to the bill of lading, was not answered, nor was the sufficiency of the evidence ruled upon. If a defendant wishes to raise the question as on a motion for a nonsuit, he must, in the absence of an agreement for a transfer without ruling, make the proper motion at the trial. *Farnham* v. *Anderson*, ante, 405. So far as appears, this has not been done, and the case stands as one where the evidence is transferred to this court without any ruling or agreement as to its sufficiency, or any finding of what it proved. Such a case presents no question of law. *Morse* v. *Morse*, 71 N. H. 622.

The agreement of counsel would present the case for consideration upon the facts recited, were it not that the evidence is included in the statement of facts. It may be doubtful what is meant by this admixture, but it must at least mean that the case is not to be disposed of without a consideration of the evidence in this court. The evidence must have been added for some purpose, and the only ones conceivable are those already mentioned, *i. e.*, either that its sufficiency to support a finding be settled, or that a finding be made from it. The one question is not properly raised, and the other cannot be brought here for decision.

Taking the case strictly according to its letter, a final judgment against the defendant might be rendered as the matter now stands, for it has staked its rights upon the answer to the query whether upon the " state of facts " the plaintiff's damages are limited. But as the course of the argument plainly indicates that both parties understood important questions of law were presented, and as it also appears that these questions, or some of them, may be of the substance of this controversy, justice seems to require that the case be returned to the superior court for a determination of the issue of fact as to whether, either by assent in fact or by estoppel, the bill of lading became the plaintiff's contract. If it is found to be her contract, the facts as to where the loss occurred, and whether by the defendant's negligence, may be of importance.

*Case discharged.*

All concurred.