Hillsborough, }
March 1, 1910. }

HEAD & DOWST CO. *v.* NEW ENGLAND BREEDERS' CLUB.

A general verdict includes the finding of every fact necessary to sustain it of which there is evidence.

The objection that evidence adduced by the adverse party is insufficient to warrant a verdict in his favor cannot be first interposed after a submission of the case upon its merits, unless the facts presented by the record disclose that the deficiency is incapable of being supplied.

Statements by the president of a corporation with reference to business entrusted to him are admissible in evidence against the company.

ASSUMPSIT, to enforce a builder's lien. Trial by the court and verdict for the plaintiffs. Transferred from the September term, 1907, of the superior court by *Peaslee,* J.

*Burnham, Brown, Jones & Warren (Robert L. Manning* orally), for the plaintiffs.

*Henry F. Hollis* (by brief and orally), for the defendants.

BINGHAM, J.    This is an action of assumpsit brought to enforce a builder's lien, under sections 10, 16, and 17, chapter 141, of the Public Statutes, for labor performed and materials furnished in the construction of certain buildings and appurtenances. In the superior court a general verdict was found for the plaintiffs, and a judgment *in rem* was ordered against all the land described in a certain deed to the defendants, including the buildings and appurtenances constructed thereon by the plaintiffs. The verdict being general, it is to be assumed that the trial court found that the plaintiffs performed labor and furnished materials in the construction of buildings and appurtenances on the defendants' land under a contract, that the defendants were owing them therefor at the time the suit was brought the sum awarded, that the attachment was made within ninety days from the last rendition of services or furnishing of materials under the contract, and that such other facts were found as were essential to the creation and preservation of the lien. *Noyes* v. *Patrick,* 58 N. H. 618.

The defendants did not move in the superior court for a nonsuit or a verdict before the case was submitted to the trial judge for decision, or at any other time. They made no requests for special findings of fact or rulings thereon, either before the case was submitted or before it was transferred to this court, and no such find-

ings or rulings were made or reserved for consideration here.
They did, however, except to the verdict and judgment, and to
the admission of certain evidence. The questions raised by these
exceptions were transferred to this court and were in order for
argument at the May session, 1908 ; but as no one appeared to
support them, and as it was suggested that the defendants were in
bankruptcy and that a trustee had been appointed, the court
declined to proceed with the case until the trustee was notified,
and of its own motion ordered notice to the trustee of the pend-
ency of the suit. Thereafter, the trustee declining to appear, the
exceptions were overruled as upon default. *Head & Dowst Co.* v.
*Breeders' Club*, 74 N. H. 605. At the February session, 1910,
the trustee appeared, moved to have the order made at the May
session, 1908, stricken off, and asked to be heard upon the excep-
tions taken to the admission of evidence and upon certain ques-
tions relating to the sufficiency of the evidence to support the
verdict, on the assumption that they were raised by the exception
taken to the verdict and judgment. The order was stricken off,
and he was heard upon the questions raised by the record the
same as the original defendants would have been. This was the
extent of his legal right. *Cogswell* v. *Railroad*, 68 N. H. 192,
195.

The question which we will first consider is whether it would
have been open to the defendants to question the legal sufficiency
of the evidence to support the verdict, under the general excep-
tion taken thereto. It is well settled in this state that a party
cannot question the sufficiency of evidence to support a verdict or
material issue in a case by a motion after the case has been
submitted to the court or jury, or by an exception to the verdict;
that after the evidence is closed and the case has been submitted,
the presumption is that any deficiency in the evidence is capable
of being supplied, unless the facts presented by the record disclose
that it cannot be ; that a party cannot lie by until after his adver-
sary has lost the opportunity of supplying the omission, and then
for the first time call it in question by motion or exception, and
that if he does, he waives the objection. *Tilton* v. *Tilton*, 74
N. H. 602 ; *Coles* v. *Railroad*, 74 N. H. 425 ; *Farnham* v. *Ander-
son*, 74 N. H. 405. The defendants therefore take nothing by this
exception.

Futhermore, as all facts essential to the creation and preserva-
tion of the lien have been found for the plaintiffs, the questions
which the defendants seek to raise relating to the validity of the
lien are eliminated ; for the premises upon which they are based
are wholly wanting.

It is conceded that Miller was the president of the defendants,

the Breeders' Club. Certain statements made by him with reference to transactions between the plaintiffs and the defendants were admitted in evidence as admissions of the defendants, and they excepted. Their exception was based upon the ground that it did not appear that Miller had any authority in the premises; but the record discloses that there was evidence from which it could have been found that the entire management of the business relations between the plaintiffs and the defendants had been given over to Miller, and that as respects them he was the club.

*Exceptions overruled.*

PEASLEE, J., did not sit: the others concurred.