Cheshire, }
May 5, 1914. }

## Daniel Moynihan & a. v. Dennis Brennan.

The objection that evidence adduced by the adverse party is insufficient to sustain a decree in his favor is waived unless taken before the case is submitted for decision.

An objection to a ruling filed more than thirty days after notice of an adverse decree is not seasonably taken and does not entitle the party aggrieved to an exception.

A request that the court trying a cause in equity shall report the facts should be made before or at the time the case is submitted.

Where a deed of real estate by mistake describes land which neither party understood was included in the premises sold, the grantor is entitled to a reformation of the written document to correspond with the actual contract.

Bill in Equity, to remove a cloud from the plaintiffs' title. The bill alleged that on November 11, 1909, the defendant conveyed to the plaintiffs a tract of land in Walpole, measuring seventy-six and a half feet on Vine street and extending easterly 125 feet from said street; that he has caused to be recorded two deeds to him, dated in March, 1910, which include a strip twenty-nine feet wide on the easterly end of the tract conveyed to the plaintiffs by the deed of November 11, 1909; and that the later deeds constitute a cloud upon the plaintiffs' title. The prayer of the bill was for the determination of the title to the twenty-nine-foot strip and the fixing of the true line between the lands of the parties. The defendant's answer admitted that the deed given by him to the plaintiffs described a tract measuring seventy-six and a half feet by 125 feet, alleged that he did not intend to sell, nor the plaintiffs intend to buy, any portion of the twenty-nine-foot strip, which was included in the deed by mistake, and asked that the deed be reformed.

The case was heard at the October term, 1912, of the superior court before *Chamberlin*, J., who found that the description in the deed to the plaintiffs includes a piece of land measuring twenty-nine feet by seventy-six and a half feet which was not sold to them, that the same was included in their deed by mistake, that the deed should be reformed so as to correctly describe the premises sold to them, and ordered a decree to that effect. Counsel were notified of the order on December 23, 1912. January 31, 1913, the plaintiffs filed with the clerk the following motion: "The plaintiffs . . . object and except to the rulings of the trial court, . . . and

for said exception state the following reasons: First, that said findings are contrary to and not supported by the evidence in the case; second, that said findings are not in accord with the facts in the case and the law applicable thereto."

At the trial, no motion was made for a verdict or decree for the plaintiffs. The foregoing motion was treated as a motion to reserve the question whether there was any evidence in the case to support the findings of the court, and the court refused to reserve this question and to report the evidence. Any question of law thereby raised was reserved.

*Joseph Madden* and *Davis & Davis* (of Vermont), for the plaintiffs.

*Charles H. Hersey* and *Almon I. Bolles* (of Vermont), for the defendant.

PARSONS, C. J. The failure of the plaintiffs to object to the sufficiency of the evidence to authorize the reformation asked for by the defendant before the case was submitted for decision was a waiver of such objection. *Head & Dowst Co.* v. *Breeders' Club*, 75 N. H. 449, 450; *Coles* v. *Railroad*, 74 N. H. 425, 426; *Farnham* v. *Anderson*, 74 N. H. 405. The refusal of the court to report the evidence, upon the motion made long after the decision was filed, did no harm to the plaintiffs, for it was then too late to raise the question of the sufficiency of the evidence to sustain the findings.

"Any party aggrieved by the ruling, direction, or judgment of the superior court, seasonably objecting, may allege exceptions thereto." Laws 1901, c. 78, s. 5. Not having "seasonably" objected, the plaintiffs are not entitled to an exception. The court or justice trying causes in equity "shall, if either party request it, give his decision in writing, stating the facts found and his rulings of law." P. S., c. 204, ss. 9, 10. "It is the facts that are to be reported and not the evidence." *Burnham* v. *McQuesten*, 48 N. H. 446, 451. The statute does not in terms require the request for a report of the facts to be made before the result is announced; but a reasonable construction implies that such request must be made before or at the time the cause is submitted. Such is understood to be the universal practice.

It does not appear when a report of the facts was requested; but the court, though declining to state the evidence, reports fully the facts. The controversy related to the division line of a tract of

land extending from Vine street to Center street. There were buildings on both streets. The plaintiffs had occupied as tenants the buildings on Vine street for about eight years. The division line of occupancy between the tenants of the buildings on the two streets was clearly marked. The parties agreed to a sale of the premises facing on Vine street. Neither party understood that the sale embraced any portion of the Center-street property. By mistake in making the deed, the lot conveyed was described as extending easterly 125 feet from Vine street. This distance includes a strip of land twenty-nine feet in depth that had been used and occupied with the Center-street property and part of the buildings. The extent of the lot in feet was not discussed in making the trade, and neither party knew that the distance named would include a part of the Center-street property. Upon these facts, the power and duty of the court to order a reformation of the written document to correspond with the actual contract of the parties is beyond question. *Searles* v. *Churchill*, 69 N. H. 530; *Minot* v. *Tilton*, 64 N. H. 371.

*Case discharged.*

All concurred.