Merrimack, }
March 4, 1919. }

## BAHRE TOPORE, *Adm'r, v.* BOSTON & MAINE RAILROAD.

A question of law once decided is not reconsidered in the same case except upon a motion for rehearing.

A verdict will not be set aside because of the remarks of counsel, however vigorous or emphatic, where there is nothing tending to show that he was, or could have been understood to be, testifying rather than arguing.

CASE, under the federal employers' liability act for negligently causing the death of plaintiff's intestate, Doud Muslin.

Muslin was employed in shoveling over coal on the tender of a south bound train in the Concord station. Getting off that train after it started, he was killed by an incoming train on an adjoining track. Trial by jury and verdict for the plaintiff. There had previously been two trials of the case and witnesses who testified had also given their depositions and testified before the public service commission. The defendants excepted to the following remarks of the plaintiff's counsel upon variations in the testimony of the defendants' witnesses at the various times they had testified: "Their bread and butter depend on their jobs, and do you wonder that the fellows veered around some? Probably they had some reason for it. That reason I am going to leave to you gentlemen to decide. What do you suppose, cooped up in the office of the defendant's lawyers and told what to say and what not to say—what do you think about it?"

The court instructed the jury as to one of the charges of negligence against the defendants: "If you find that there was any reason why the engineer of train No. 70 [the incoming train] should have sounded the whistle, in the light of what he knew, and that he failed to do so, then it is for you to say on that point whether or not he was guilty of negligence." To this instruction the defendants excepted. Questions heretofore raised in the case are reported in 78 N. H. 311, 536. Transferred by *Branch*, J., from the April term, 1918, of the superior court.

*Robert W. Upton* and *John M. Stark* (*Mr. Upton* orally), for the plaintiff.

*Streeter, Demond, Woodworth & Sulloway* (*Mr. Jonathan Piper* orally), for the defendants.

PARSONS, C. J.   In view of the number of times the defendants' witnesses were called upon to testify, more or less variance in their statements was to be expected.   That there was such is admitted. This was discussed and the defendants' explanation given the jury in argument.   The discussion thereof by plaintiff's counsel, to which exception was taken, was vigorous and emphatic, but there is nothing tending to show that he was or could have been understood to be testifying rather than arguing.   The evidence all points in the opposite direction and the exception to the argument is overruled. *Kambour* v. *Railroad*, 77 N. H. 33, 52.

When the case was last before the court, the defendants raised the question whether negligence in the operation of the incoming train could be found from the evidence.   It was said in the opinion (78 N. H. 539), "There was evidence that the train came in at what well might be found to be an excessive rate of speed, considering the danger to employees, and that a more efficient warning of its approach might and should have been given."

The instruction excepted to, authorizing the jury to consider whether a signal by the whistle should have been given as the station was approached, was an application of the rule then announced.   A question of law once decided is not reconsidered in the same case except upon a motion for rehearing.   *Seeton* v. *Dunbarton*, 73 N. H. 134, 137; *Olney* v. *Railroad*, 73 N. H. 85, 91.   As was said in the case first cited, "This matter was fully considered in the former opinion; and the facts now presented, if not identical with those then before the court, are not so materially different as to require a modification or new discussion of the legal principles then announced."   It now appears that the station whistle was blown at a point about a half mile below the station, a fact which did not appear at the former trial. But this does not alter the situation except by the introduction of an additional evidentiary fact to be taken into consideration by the jury on the question of care in the management of the incoming train. The question was what the engineer coming into the station at an excessive rate of speed ought to have done upon seeing the other train just on its departure.   The station signal was required in all cases.   Whether more should have been done in the special situation developed as the station was approached was for the jury.

*Exceptions overruled.*

PLUMMER, J., was absent: the others concurred.