Merrimack, ⎰
Nov. 8, 1922. ⎱

### Manchester Amusement Co. *v.* Jacob Conn.

Where a judgment for the lessee in a writ of entry, based upon a breach of cove-
nant, is offered in evidence as *res adjudicata* in a subsequent action wherein
the lessor demands damages for breach of covenant, and the same are decreed,
the contention that the judgment concludes all issues which might have been
tried will not be considered where it does not appear that the decree was based
in whole or in part upon breaches prior to the effective date of the judgment.

Under P. S., *c.* 204, *s.* 10, a request to the court for "a decision in writing stating
the facts found and his rulings of law" must be in such form as will apprise
the court that its decision is asked for; and a request made after the verdict
has been rendered is too late.

A covenant by a lessee to "keep the interior and exterior of said theatre in repair
. . . that it will keep the said premises . . . in as good order and condition
reasonable use and wearing thereof . . . excepted as the same are or may be
put into by the said lessor," is construed to require the lessee to keep the
premises in such a state of repair as the ordinary man owning and operating
such premises would keep them.

Where a lessee's option to renew a lease upon notice given prior to the expiration
of the term is dependent upon his performance of its covenants, such perform-
ance, as also the notice, must precede the expiration of the term.

Evidence of changes and repairs by the lessee subsequent to the expiration of
a lease, but during his occupancy, are competent upon the amount of damages
due when the lessor recovers possession, if he is entitled to recover the differ-
ence between the then actual condition and that stipulated for.

Whether justice required the reopening of a case for the introduction of evidence
is a question of fact for the trial court.

A court of equity, having taken jurisdiction of a controversy, administers all
relief which the nature of the case and facts demand as of the date of the close
of the litigation.

Bill in Equity, to enforce specific performance of a covenant to
renew a lease of defendant's theatre to the plaintiff.  Decree for the

defendant dismissing the bill, ordering the plaintiff to vacate the premises, and awarding damages against the plaintiff for breach of covenant.   Transferred by *Marble*, J., from the April term, 1921, of the superior court, upon the plaintiff's exceptions to the decree, to the admission of evidence and to the denial of the plaintiff's motions for findings of fact and rulings of law, for a further hearing and for a new trial.   The competency of evidence under a pending motion for rehearing as to the amount of damages was reserved without ruling, subject to the plaintiff's exception.   The facts appear in the opinion.

*Warren, Howe & Wilson* and *John M. Stark* (*Mr. Howe* orally), for the plaintiff.

*Robert W. Upton* (by brief and orally), for the defendant.

Snow, J.   In 1915, the defendant let to the plaintiff for a period of five years, expiring November 22, 1920, the Star Theatre in Concord by a written lease, the ninth paragraph of which provided: "The said lessor further covenants with the said lessee that if the said lessee shall be desirous of taking a further lease of the said premises for the term of five years from the expiration of the term hereby granted, . . . and of such desire, shall, prior to the expiration of the said last mentioned term, give to the said lessor thirty days' notice in writing, and shall observe and perform all the provisions of this lease by the said lessee to be observed and performed, then the said lessor shall forthwith execute and deliver to the said lessee a further lease of the said premises for the term of five years. . . ." On Aug. 26, 1920, the plaintiff gave notice of its desire to renew, and on Sept. 14 following, filed this bill, alleging the defendant's failure seasonably to execute a new lease and praying that the defendant be ordered to do so.

The issue raised by the defendant's answer, so far as relied upon, was the failure of the plaintiff to observe and perform the provisions of the third paragraph of the lease which provided: "The said lessee further covenants with the said lessor that it will keep the interior and exterior of said Theatre in repair, with the exception of the roof; that it will keep the said premises, excepting said roof, in as good order and condition, reasonable use and wearing thereof, fire and other unavoidable casualties excepted, as the same are, or may be put into by the said lessor; that it will pay all water rates

assessed against the said premises; that it will not make or suffer any waste thereof; . . ."

In addition to a general denial of the facts alleged in defendant's answer, plaintiff set forth that "the issues as to waste and other breaches of said lease up to and including the 28th day of February, 1919, have been heretofore adjudicated in this court." The adjudication relied upon was a judgment for this plaintiff upon a writ of entry brought on that date by this defendant against the plaintiff to recover possession of the leased premises on the grounds (1) that the lessee corporation had been dissolved and (2) that it had failed to protect the lessor by liability insurance. Questions of law there raised are reported in *Conn* v. *Company*, 79 N. H. 450. The plaintiff concedes that default of the covenant to repair was not relied upon in that case, but claims that the judgment was conclusive against the defendant upon all issues which might have been tried in that suit. It is unnecessary to consider this contention, since it does not appear that the decree of the court in the present case was predicated in whole or in part upon defaults occurring prior to the effective date of such adjudication.

The theatre was new at the date of the lease. Defendant's evidence in the present case tended to show that the condition of the theatre had been allowed to deteriorate for want of proper care and needed repairs. The court took a view at the hearing when the conditions were about the same as at the expiration of the lease. In addition to general dirty and unsanitary conditions then existing, the evidence covered specific instances of default, such as broken plaster improperly patched, steel ceilings mutilated and in places rusting for want of paint, parts of covering and appliances of heater broken and missing, walls and ceilings discolored from dirt unnecessarily allowed to accumulate upon floors and from the use of improper fuel. No repairs of moment had been made during the term. Although the plaintiff had the burden of proving the performance of its own covenant upon which its right of renewal was conditioned, and although it relied for its proof upon the adjudication based upon conditions in February, 1919, it submitted no evidence that the conditions of disrepair disclosed by the defendant's evidence, and by the view, existed prior to the adjudication. It does not appear that conditions negligible in February, 1919, might not have become intolerable twenty months later in November, 1920.

It follows from the foregoing that the plaintiff's exception to the admission of testimony with respect to the condition of the theatre

at the time of the trial and its cause, on the ground that the issue had been raised and determined upon the writ of entry of Feb. 28, 1919, was manifestly without merit.

The plaintiff excepted to the testimony of two expert builders, one of whom had examined the theatre two days after the expiration of the lease and the other at the time of the trial, as to the estimated cost of putting the theatre in good condition and repair, upon the ground that the terms of the lease did not impose such a requirement upon the plaintiff. The evidence was admitted subject to plaintiff's exception. As the court was not asked to rule as to the construction of the lease or upon the application of the evidence, the exception does not avail the plaintiff if the evidence was material upon any phase of the case. It cannot be said that the cost of putting the theatre in good condition and repair was not competent and useful in computing the damages to the defendant arising from plaintiff's failure to keep the theatre in the state of repair and condition that it was in on Feb. 28, 1919, the date when the alleged adjudication became effective. The question, if any, of remoteness of the evidence was for the trial court. The decisive fact, bearing on plaintiff's exception, is that it does not appear that the court used the evidence as a measure of the defendant's rights.

The plaintiff took no other exceptions during the course of the trial, and did not move for judgment before the case was submitted. No request for special findings of fact or rulings thereon was made unless it was contained in a document entitled "plaintiff's brief," filed by plaintiff after the hearing in response to the court's request for briefs. The plaintiff there stated in argumentative form "the plaintiff therefore submits that upon all the evidence the court must find that it kept the interior and exterior of the theatre in repair" etc. After verdict, the plaintiff excepted to the court's refusal to construe this statement as a request within the meaning of P. S., c. 204, s. 10. This statute provides that the court or justice trying causes in equity "shall, if either party request it, give his decision in writing, stating the facts found and his rulings of law." The request contemplated by the statute is one which will apprise the court that the party is invoking the aid of the statute. The statement in question used in the course of argument was not calculated to convey that impression. The request for findings and rulings made by letter after the verdict had been rendered was too late. *Moynihan* v. *Brennan*, 77 N. H. 273, 274.

The plaintiff contends that the question of the legal sufficiency

of the evidence is open to it under its general exception to the verdict for the reason that, as it claims, the deficiency in the evidence is incapable of being supplied, citing *Farnham* v. *Anderson*, 74 N. H. 405, 406. It contends that the first clause of its covenant, namely, to "keep the interior . . . of said theatre in repair" imposed no obligation beyond that fixed by the second clause, namely, to "keep the said premises . . . in as good order and condition, reasonable use and wearing thereof . . . excepted" as the same were at the date of the lease; that accordingly, its obligations under its said covenants did not extend to conditions arising from natural wear during the five years' use of the premises, and that it conclusively appears that there was not only no submitted evidence but that there was no submissible evidence of conditions of disrepair due to other causes. The record does not sustain plaintiff's claim. On the other hand, it manifestly could be found from the evidence submitted that there existed at the expiration of the lease material conditions of disrepair not due to reasonable use and wearing of the property. In disposing of this exception, it is, therefore, unnecessary to consider the soundness of plaintiff's construction of its covenant or to speculate upon what evidence the defendant might have submitted if the question now raised in argument had been raised at the trial.

As, however, the construction of the covenant may aid the court in the assessment of damages, it has been considered. In the absence of express limitations, it can hardly be claimed that the provision of the first clause of the covenant, viz., to "keep the interior and exterior of said theatre in repair" was intended to cover only instances of negligent and wrongful injury to the premises, for which the lessee was liable without stipulation. If then, as plaintiff contends, the language of the first clause is qualified by the restrictive words of the second clause, viz., "reasonable use and wearing thereof, fire and other unavoidable casualties excepted," the stipulation to "keep the . . . theatre in repair" is unnecessary and meaningless. No authorities are cited in support of this construction, and the only reason advanced is the hardship imposed by an unqualified covenant to repair. This reason loses much of its force, since the contingency of the destruction of the premises by fire was taken care of by a special clause in the lease. The hardship to the covenantor, moreover, does not justify a construction in disregard of the plain terms of its covenant. *Crocker* v. *Hill*, 61 N. H. 345, 349. Words and phrases are to be construed according to the common and approved usage of the language. P. S., c. 2, s. 2. If it be conceded that the

two clauses of the covenant read together are not wholly free from ambiguity and if recourse must be had to the other competent evidence, it does not appear from the situation and purpose of the parties and the subject-matter dealt with that the two clauses are irreconcilable. We are not concerned with a case of property which, at the date of the lease, was already in need of repair. The parties were contracting with reference to premises that were new. They were contemplating five years' occupation with all the consequences which might be expected to follow the daily use of the premises as a place of public gathering. While it was impracticable to require the return of the theatre, after five years' use, in "new" condition, it is reasonable to suppose that the parties would provide for tenantable renewal of the premises. It would seem that this was the function of the covenant to repair as distinct from the covenant to keep in good order and condition. Giving the language its usual and accepted meaning, in view of the conditions here, the covenant to keep in repair required the lessee to keep the premises in such a state of repair as the ordinary man, owning and operating such a theatre would keep them. Such appears to have been the intention of the parties.

After the verdict was rendered, the plaintiff moved for a further hearing for the purpose of showing that the sum of $1,450 had been expended upon the premises by it during the time intervening between the trial and the rendition of the verdict. There was a hearing on this motion. The court, having found that justice did not require a consideration of the proffered evidence upon any question except possibly that of damages, held the motion in abeyance for further hearing, if necessary, after the decision of the plaintiff's exceptions, and refused to reopen the case for the purpose of determining the value of the alleged expenditures pending the transfer of the case. The plaintiff excepted to such refusal. Whether justice required the reopening of the case for the introduction of the proffered evidence was a question of fact for the trial court, and no question of law is presented by defendant's exception. *Sanford Manufacturing Co.* v. *Wiggin,* 14 N. H. 441, 450, 451; *Wells* v. *Burbank,* 17 N. H. 393, 412; *King* v. *Bates,* 57 N. H. 446, 448; *Stone* v. *Boscawen Mills,* 71 N. H. 288, 290; *LaCoss* v. *Lebanon,* 78 N. H. 413, 417.

Upon defendant's demurrer to plaintiff's motion for such further hearing, the court reserved and transferred without ruling the question whether or not the proffered evidence may be considered in determining the amount of damages finally to be awarded the de-

fendant.  The plaintiff excepted to such transfer.  That the superior court has power to reserve without ruling important questions of law for the opinion of the supreme court is settled.  P. S., *c.* 204, *ss.* 3, 13, 15; *State* v. *Sawtelle,* 66 N. H. 488, 503; *Glover* v. *Baker,* 76 N. H. 261, 262–270.  While the plaintiff's right to a renewal of the lease, by its terms, depended upon conditions existing at the date of its expiration, the plaintiff's obligations to the defendant will not cease until it delivers possession of the premises to him.  Defendant's damages, if any, may then consist of two items, — first, his loss from being kept out of possession of his property from the expiration of the lease until he recovers possession, and second, his loss by reason of the lessened value of the property.  The measure of the second item will be the difference in its condition when the defendant recovers possession from the condition stipulated for in the lease.  Upon this latter issue, evidence of conditions at the expiration of the lease will be relevant, because it will have some tendency to show the condition at the later date, but the earlier condition is not the issue nor conclusive of it.  It follows that the evidence of changes and repairs made by the plaintiff, subsequent to the expiration of the lease but during occupancy, may be material and, if so, competent upon the question of damages.  A decree in equity speaks as of its date.  It is the practice of courts of equity, having jurisdiction, to administer all relief which the nature of the case and facts demand and to bring such relief down to the close of the litigation between the parties.  *Gale* v. *Sulloway,* 62 N. H. 57, 60; *French* v. *Westgate,* 70 N. H. 229, 230; *Carpenter* v. *Fisher,* 68 N. H. 486, 493; *Hopkins* v. *Grimshaw,* 165 U. S. 358; 4 Law. ed. 738, 744, 745.

Plaintiff excepts to the denial of its motion for a new trial.  So far as this motion calls for a further hearing upon the question of damages, it has not been denied.  So far as it seeks a new trial upon the question of its right to renew the lease, it is based upon an offer of evidence that since the trial there has been a substantial performance of its covenants.  The terms of the covenant of the lessor in the ninth paragraph of the lease, upon which the lessee relies, makes it a condition precedent to its right of renewal that of its desire to renew, it "shall, prior to the expiration of the said last mentioned term, give to the said lessor thirty days' notice in writing, and shall observe and perform all the provisions of this lease by the said lessee to be observed and performed. . . ."  It is a fair construction of this language that the observance and performance of lessee's covenants, like its notice, must precede the expiration of the term of the lease.

It follows that the proffered evidence is not relevant to the issue upon which a new trial is sought and that plaintiff's motion for a new trial thereof was properly denied.

*Exceptions overruled and case returned to the superior court for such further hearing upon the question of damages as justice may require.*

All concurred.