Hillsborough, ⎰
  Oct. 5, 1926. ⎱

### EVA DEROSIER, *Adm'x*, v. NEW ENGLAND TELEPHONE AND TELEGRAPH COMPANY.

An objection to the sufficiency of evidence upon a point susceptible of proof is waived unless taken at a time when there is still an opportunity to supply the deficiency.

A case may be reopened after argument to the jury for the reception of further testimony, if necessary to promote justice.

CASE, for negligently causing the death of the plaintiff's intestate, being the same case reported in 81 N. H. 451. Trial by jury and verdict for the plaintiff.

Transferred by *Branch*, C. J., upon the defendant's exceptions, which are stated in the opinion.

*Robert W. Upton, John M. Stark* and *Peter J. King (Mr. Upton* orally), for the plaintiff.

*Drew & Carr* (of Massachusetts; *Mr. Drew* orally), for the defendant.

PEASLEE, C. J. The defendant did not move for a nonsuit or for a directed verdict at the usual time; but asked for a directed verdict after the charge to the jury. The motion was denied and the defendant excepted. Objection to the consideration of the question sought to be raised in this manner is put upon the ground that the motion came too late.

The well-established rule is that an objection to the sufficiency of evidence is waived unless taken at a time when there may still be an opportunity to supply the deficiency. *Elwell* v. *Roper,* 72 N. H. 585; *Gendron* v. *St. Pierre,* 73 N. H. 419; *Farnham* v. *Anderson,* 74 N. H. 405; *Coles* v. *Railroad,* 74 N. H. 425; *Head & Dowst Com-*

*pany* v. *Breeders' Club*, 75 N. H. 449. " . . . the defendant could not lie by until after the evidence, arguments, and charge to the jury were closed, and then first avail himself of an objection that was open to him, and which in fairness he ought to have taken as soon as the evidence for the plaintiff was closed, or, at latest, when the evidence was closed on both sides." *Baldwin* v. *Wentworth*, 67 N. H. 408, 409.

If the rule laid down in the case last cited were strictly applied, the question presented could not be considered here. But, like all our procedure, the rule rests upon reason; and the reason for it is that the objection should be made known in season to give the plaintiff an opportunity to supply the defect, if he can. Hence "if it appears from the record that the necessary fact is impossible of proof, the rule fails with the reason." *Smith & Sargent* v. *Company*, 78 N. H. 152, 160. This exception to the rule is not applicable here, and one question is whether the motion was made at a time when the plaintiff could be permitted to introduce further evidence.

It is plain that according to the usual and orderly course of a trial, the motion came too late. But our cardinal principle that procedure shall be such as justice and convenience require vests the presiding justice with a broad discretion in these matters. *La Coss* v. *Lebanon*, 78 N. H. 413, 417, and cases cited. The case could have been reopened for the reception of further evidence if necessary to promote justice. *Manchester Amusement Company* v. *Conn*, 80 N. H. 455, 460, and cases cited. A motion made when and as this was could be entertained. Moreover, it was stated at the argument, that the question whether the plaintiff had evidence to go to the jury was a matter discussed throughout the trial. Apparently, everyone understood that the defendant claimed a lack of evidence. The plaintiff had seasonable notice of the claim. Under such circumstances, it would be a proper exercise of discretion to entertain this motion. The record does not state the grounds upon which it was denied. If it was because the motion came too late, the defendant would take nothing by an exception. If the motion was considered upon its merits, the exception would present the question usually raised at the close of the evidence. For the purposes of this decision, it is assumed that the ruling was upon the merits.

The issue of responsibility for dangers created by the leaning of the pole was considered upon the former transfer of the case. 81 N. H.

451. The question is no longer open for consideration. *Topore* v. *Railroad*, 79 N. H. 169, 170, and cases cited. The defendant contends, however, that there was no evidence at this trial to warrant a finding of the facts upon which the former decision rests. This position is not tenable. While it is true that some witnesses testified that the leaning of the pole did not increase after the Traction Company installed the light, others stated that it did increase substantially. And while some were led, upon cross-examination, to defend physically untenable theories as to how the lean of the pole caused the mast arm to swing, others put the matter intelligibly, and gave their opinions as men of experience with such matters that the swing resulted from the added tip of the pole.

The exceptions to this opinion evidence must be overruled. *Gardner* v. *Company*, 79 N. H. 452, and cases cited.

As there was evidence that the leaning of the pole caused the displacement of the mast arm, the plaintiff was entitled to go to the jury upon the issue of the defendant's fault.

The issue of fault in not guarding the defendant's grounded cables was also submitted to the jury, subject to exception. As to this, the claim is that because there was no breach of duty as to the condition of the pole therefore there was no occasion to anticipate and provide against the escape of electricity. Assuming that the conclusion drawn is sound, the argument fails because, as before indicated, there was evidence of responsibility because of the leaning pole.

The suggestion that it could not be found that Derosier would probably have taken hold of the guard (if there had been one) rather than the cable, is urged upon the ground that such a finding would be pure conjecture. But the physical relation of the several appliances is enough to warrant such a finding. The messenger wire and cable were not large. The guard, two by four inches in size, or thereabouts, would be close above the wire. It would require some attention for one to thrust his fingers between the two and take hold of the wire. The natural thing would be to lay hold of the easily grasped guard above. It is not a mere guess to conclude that he would have taken hold of the guard, but rather a reasonable inference from the facts shown. *Saad* v. *Papageorge, ante,* 294, and cases cited.

The claim that contributory negligence was conclusively shown is disposed of by what was said upon the former transfer of the case. 81 N. H. 451, 467 *et seq.*

The exception to the charge that if the negligence of the traction company combined with the fault of the defendant in the mainte- nance of the pole liability might be found, was decided adversely to the defendant upon the former transfer.· 81 N. H. 451, 460 *et seq.*

*Exceptions overruled.*

BRANCH, J., did not sit: the others concurred.