SHANNON, Judge.
The appellant was the plaintiff below in a negligence action against the appellee. After the jury had returned a verdict for the appellant, the trial court granted the ap-pellee’s motion for a directed verdict, upon which he previously had reserved ruling and the appellant appealed and assigns as error the granting of such motion. Smith, the appellant-plaintiff below, was a member of the Ft. Myers police force. The ap-pellee-defendant was the employer of Addison and Lampkin. On the night of the accident, Smith, as a member of the police force, had broken up an argument between Addison and Lampkin. Addison, as an employee of the defendant, had brought Lampkin into town and had let him out of the truck, which belonged to the defendant. It was after 5 o’clock in the evening and Lampkin was off from his duties as an employee of the defendant. There is some dispute in the record as to the sequence of events but Addison was driving the defendant’s truck and Lampkin was in the seat beside him and in the words of Smith:
“A. Yes, sir. He was arguing and went on and then he broke out in a rage a-cussing and then I put him under arrest and told Dennis (Addison) not to move the truck two or three times.
******
“A. I stepped up closer to the run-ningboard where Dennis could hear me and I put Cleo (Lampkin) under arrest and told Dennis not to move the truck.
* * * * * *
“A. It was knocking me. The way the body was angled it was forcing toward me to knock me down. And I. reached up with one hand, hand the club was in, and holding the club and the door. I had a handful. When he was making that squeal back on the pavement, that threw me to swing way way out trying to balance myself. Cleo took the club out of my hand and *442 struck me side the head and knocked me off.” (Emphasis added.)
Smith was either injured when Lampkin knocked him off the truck or when the truck ran over him.
The appellant, in his brief, cites two points, namely:
“Whether it was error for Court to set aside verdict for plaintiff and grant motion for directed verdict where, on earlier motion for summary judgment supported by affidavits and opposed by counter-affidavit, Court found that ma-" terial questions of fact were involved and denied motion and subsequently submitted case to jury on same basic facts considered on motion for summary judgment”.
“After jury verdict for plaintiff, is it error for trial court to enter judgment ‘that the motion for directed verdict made at close of defendant’s testimony is granted’, where the record discloses that no such motion was made at the closing of defendant’s testimony”.
In connection with appellant’s first point where the trial court had denied a motion for summary judgment and thereafter had submitted the case to a jury, the appellant takes the position that the material facts proven at trial were the same facts that were contained in the motion for summary judgment. In other words, the appellant argues, in its decision on the motion for summary judgment the trial court had established the law of the case and, having denied such motion, the facts at trial do not vary enough from those alleged in support of the motion as to justify a different ruling. It appears that at the time of the hearing for summary judgment the plaintiff, in his affidavit opposing the motion, said:
“* * * . Dennis Addison got into the said truck and operated same in such a negligent and careless manner as to cause same to run over and upon your Affiant.”
While this was unquestionably a conclusion of the affiant, nevertheless, it was an absolute denial of the grounds upon which the defendant placed his motion for summary judgment and would have, and should have, prevented the trial court from granting the motion at that time. While we are not passing upon the question of whether or not the trial court’s ruling upon this motion established the law of the case, although, inferentially, we do, but we do hold that having made the statement in opposition to the defendant’s motion for summary judgment that the defendant had the necessity of placing in evidence at the trial of the case such evidence as he deemed necessary to overcome the statement that the defendant’s driver handled the truck in a negligent and careless manner.
We come next to the appellant’s second point to the effect that it was error for the trial court, after a verdict for the plaintiff, to enter a directed verdict for the defendant on the ground that the record discloses that no such motion was made at the closing of defendant’s testimony.
The record discloses at the conclusion of the plaintiff’s evidence, the defendant moved the court for a directed verdict, stating reasons therefor, and the court reserved a ruling on the motion. The record also discloses that after all the evidence was in, counsel for respective parties had argued the case, and the trial court had instructed the jury and the jury was still present, counsel for defendant said:
“Mr. Watson: Recitation of same motion of counsel for Defendant— after the argument of counsel, Judge’s same ruling — for directed verdict, which was presented at the close of Plaintiff’s case.”
After the above proceedings took place, the jury then retired and came in with the verdict.
*443 It will be necessary for us to determine in the first instance whether there was sufficient evidence for this case to go to a jury. If there was, and on a disputed material fact, the jury’s verdict would not be disturbed.
While there are numerous conflicts in the testimony, there is one fact concerning negligence that this court is not in doubt about, and that is, the question of proximate cause. The truck was being operated by the defendant’s employee and Cleo Lampkin was sitting in the front seat of the truck when the plaintiff, a policeman, was at the right door and from that point, plaintiff, by his own testimony, said:
“* * * Cleo took the club out of my hand and struck me side the head and knocked me off.”
Having determined that Cleo Lampkin was not at the time in the service of the defendant, the conclusion is inescapable that the blow struck by Lampkin knocking Smith off the truck was the proximate cause of the injury. Whether Addison was operating the truck negligently or not is immaterial. Jackson v. Pike, Fla. 1956, 87 So-.2d 410, Tampa Electric Co. v. Jones, 1939, 138 Fla. 746, 190 So. 26, Schlenger v. Weinberg, 107 N.J.L. 130, 150 A. 434, 69 A.L.R, 738,
Having determined that there should have been a directed verdict entered for the defendant at the conclusion of all the testimony, the question as to the particular time that the defendant made his motion, as long as he made it before the jury had returned the verdict, is immaterial. In Baldwin v. Wentworth, 1893, 67 N.H. 408, 36 A. 365, it was held that a motion for a directed verdict made for the first time after the jury had been instructed and was about to retire was too late and cites earlier New Hampshire cases. We do not know upon what ground or grounds the New Hampshire court held as it did, but we do know that in a later case, Derosier v. New England Telephone & Telegraph Co., 1926, 82 N.H. 405, 134 A. 719, 720, post, the court had come around to the other conclusion.
The various states are not in accord as to when is the proper time for such a motion, some hold that it must be made at the close of plaintiff’s case, some that it may not be made then, but only after the close of all the evidence, some that it may be made anytime after plaintiff’s opening statement and some within the sound discretion of the trial court as to when it will receive such motion. The various holdings depend upon the local practice and statutes of the jurisdiction, and the interpretation given to such statutes. See 88 C.J.S. Trial § 254, 53 Am.Jur. Trial, Section 338.
We now refer to the New Hampshire case of Derosier v. New England Telephone & Telegraph Co., supra, where it was held that a motion for a directed verdict after the jury was charged was not too late, the court saying:
“It is plain that according to the usual and orderly course of a trial the motion came too late. But our cardinal principle that procedure shall be such as justice and convenience require vests the presiding justice with a broad discretion in these matters. La Coss v. Town of Lebanon, 78 N.H. 413, 417, 101 A. 364, and cases cited. The case could have been reopened for the reception of further evidence, if necessary, to promote justice. Manchester Amusement Co. v. Conn., 80 N.H. 455, 460, 119 A. 69, and cases cited. A motion made when and as this was could be entertained. Moreover, it was stated at the argument that the question whether the plaintiff had evidence to go to the jury was a matter discussed throughout the trial. Apparently everyone understood that the defendant claimed a lack of evidence. The plaintiff had seasonable notice of the claim. Under such circumstances, *444 it would be a proper exercise of discretion to entertain this motion. * *”
We hold that the trial court was correct in granting the defendant’s motion.
Affirmed.
ALLEN, Acting Chief Judge, and SANDLER, HARRY N., Associate Judge, concur.